COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, John Cahill, claimant.

A complaint under the St. of 1869, c. 415, § 44, averred that certain intoxicating liquors were kept by J. C. of Boston, "in a certain building situate on B. Street and numbered one hundred and fifty-two on said street in said Boston, and the first floor of said building, occupied by said J. C. as a place of common resort kept therein," and prayed for a warrant to search "said first floor of said building." The warrant described the premises where the liquors were alleged to be kept, in the same words, and directed "the first floor of said building" to be searched. *Held*, that there was no variance between the complaint and the warrant.

An averment in a complaint for a warrant to search for intoxicating liquors, that the place to be searched was occupied as a place of common resort kept therein, is supported by proof that the place was a shop for the sale of liquors and that persons went in there, without restriction, for the purpose of buying liquors, although the sale was conducted in an orderly manner.

The right of peremptory challenge of jurors, given to the Commonwealth by the St. of 1869, c. 151, can be exercised on the trial of a complaint for the seizure of intoxicating liquors under the St. of 1869, c. 415.

COMPLAINT to the municipal court of the city of Boston, under the St. of 1869, c. 415, § 44, that certain intoxicating liquors were kept and deposited by John Cahill of Boston "in a certain building situate on Blackstone Street and numbered one hundred and fifty-two on said street in said Boston, and the first floor of said building, occupied by said Cahill as a place of common resort kept therein," and praying for a warrant to search "said first floor of said building." The warrant described the premises

where the liquors were alleged to be kept, in the same words as the complaint, and directed the searching of " the first floor of said building."

The liquors were seized on the warrant ; and Cahill appeared in the superior court as claimant, and demurred, " because it is not alleged, in either the complaint or warrant, that the liquors described were kept or deposited in the place commanded and prayed to be searched ; and because the said place is not sufficiently described or averred ; " but *Devens*, J., overruled the demurrer.

The clerk then proceeded to empanel a jury ; and the judge allowed the Commonwealth, against the objection of the claimant, to peremptorily challenge a juror.

At the trial, there was evidence tending to show " that the premises referred to in the complaint as a place of common resort were a shop for the sale of liquors, and were conducted in an orderly manner, but that intoxicating liquors were sold there, and that parties went in there, without restriction, for the purpose of buying liquors." The claimant requested the judge to instruct the jury that the evidence on this point would not support the complaint ; but the judge declined so to do, and instructed them " that if they were satisfied, upon the evidence, that the premises were a shop for the sale of intoxicating liquors, open to the public, to which the public had free ingress for the purpose of purchasing such liquors, they would be warranted in finding that it was a place of common resort as alleged."

The jury returned a verdict for the Commonwealth, and the claimant alleged exceptions.

*P. R. Guiney*, for the claimant.

*C. Allen*, Attorney General, (*J. C. Davis*, Assistant Attorney General, with him,) for the Commonwealth.

AMES, J. The complaint charges that the liquors in question are kept by John Cahill in a certain building, (which is accurately described,) and the first floor of the said building, occupied by him as a place of common resort ; and the warrant limits the search to that part of the building. We see no ground for the suggestion that there is a variance between the charge and the

proof, or between the complaint and the warrant. The charge is, that the liquors are kept, not in the building indiscriminately, but in that part of it, viz. : the first floor, which was occupied by Cahill. The jury were instructed that if they were satisfied upon the evidence that the premises were a shop for the sale of intoxicating liquors, open to the public, to which the public had free ingress for the purpose of purchasing such liquors, they would be warranted in finding that it was a place of common resort. As it was in evidence not only that it was open to the public, but that parties went there without restriction, and that intoxicating liquors were sold there, there was no error in such an instruction.

By the St. of 1869, *c.* 151, the Commonwealth has a limited right peremptorily to challenge jurors in all criminal causes. The present complaint, although primarily a process *in rem*, to procure the condemnation and forfeiture of liquors illegally kept for sale, involves a criminal charge specifically set forth, of which the forfeiture is the punishment. *Commonwealth* v. *Intoxicating Liquors*, 13 Allen, 561. It is therefore a criminal cause within the meaning of the statute, and the challenge of the juror by the Commonwealth was properly allowed.

*Exceptions overruled.*