COMMONWEALTH *vs*. CERTAIN INTOXICATING LIQUORS, Thomas Inglis, claimant.

A complaint on the St. of 1869, *c*. 415, § 44, averred that intoxicating liquor was kept in a certain building, "and the first floor and cellar of said building and the back room over the rear part of the store in said building;" and prayed for a warrant to search "said building described as aforesaid." The warrant, issued on this complaint, recited the averment of the complaint, and directed the entry and search "of the building above described." *Held*, that the warrant was void.

COMPLAINT to the municipal court of the city of Boston, on the St. of 1869, *c*. 415, § 44, averring that certain intoxicating liquors were "kept and deposited by Thomas Inglis of Boston, in a certain building situate on Tremont Street and numbered thirty-one on said street in said Boston, and the first floor and cellar of said building and the back room over the rear part of the store in said building," and praying for a warrant to search "said building described as aforesaid." The warrant described the premises where the liquors were alleged to be kept as "a certain building situate on Tremont Street and numbered thirty-one on said street in said Boston, and the first floor and cellar of said building and the back room over the rear part of said building," and directed the entry and search of "the building herein above described."

The liquors were seized on the warrant, and Inglis appeared in the superior court as claimant, and, before the jury were empanelled, moved to quash the warrant and dismiss the complaint "because the place to be searched was not described in the complaint and warrant with legal accuracy; because the prayer for the warrant was more general than the description, and not warranted by the oath of the complainants; because the complaint and

warrant authorized the search of premises not embraced in the charging part of the complaint and warrant, and because the premises described in the warrant were not the same premises described in the complaint." *Brigham*, C. J., overruled the motion, and after a verdict for the Commonwealth reported the case, at the claimant's request, for the determination of this court.

*N. St. J. Green*, for the claimant.

*J. C. Davis*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.

GRAY, J. The St. of 1869, *c.* 415, § 46, in accordance with the principles of the common law and of the fourteenth article of our Declaration of Rights, requires that in cases like this " the complaint shall particularly designate so as to identify the building, structure and place to be searched," and that it shall be set out in the warrant " by special designation and with the same particularity as in the complaint."

The complaint in the present case, after designating the building and place, in which the liquors are alleged to be kept, as a certain building numbered 31 on Tremont Street in Boston, adds, " and the first floor and cellar of said building and the back room over the rear part of the store in said building." The effect of this addition, in the opinion of a majority of the court, was to restrict the place designated ; for, as the first floor of a building is necessarily a part of it, the words " and the first floor " could not have been intended to designate another place not already included in the more general description, and can only operate as a further description of the same place, limiting it to the specified parts of the building. *Commonwealth* v. *Intoxicating Liquors*, 107 Mass. 216.

If the recital in the warrant, though not expressed in precisely the same words, might be interpreted as corresponding to the description in the complaint, the mandatory clause is certainly not so restricted, but in accordance with the prayer of the complaint directs the officer to enter and search the whole building, including the part not included in the description in the complaint, nor designated on the oath of the complainant, as the law

requires. The warrant is therefore wholly void, and the com-plaint should have been dismissed.

*Warrant quashed, and complaint dismissed.**

---

* A similar decision was made in Suffolk in January 1873, in the case of

COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, William Maguire, claimant,

in which the place where the liquors were deposited was described in the complaint as "a certain building situate on Harrison Avenue and numbered three hundred and fifty-two on said street in Boston, and the first floor and cellar of said building, occupied by said Maguire as a place of common resort kept therein," and the searchwarrant prayed for and granted was to enter and search the "building" so described.

*C. F. Donnelly,* for the claimant.

*J. C. Davis,* Assistant Attorney General, for the Commonwealth.