COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS,
Rodney Brown, claimant.

Suffolk.    June 15. — 16, 1874.    COLT & ENDICOTT, JJ., absent.

A proceeding under the St. of 1869, *c.* 415, for the forfeiture of intoxicating liquors
illegally kept and intended for sale, is of a criminal nature, and the allegations of
the complaint must be proved beyond a reasonable doubt.

COMPLAINT under the St. of 1869, *c.* 415, § 44, alleging that
certain intoxicating liquors were kept by the claimant in a build-
ing in Boston, with an intent to sell the same in violation of law;
and praying for a decree of forfeiture thereof.

At the trial in the Superior Court, before *Allen,* J., the counsel
for the claimant contended that the intent to sell in violation of
law must be proved beyond a reasonable doubt; but the presiding
judge instructed the jury, that such was not the rule in cases of
this kind, " and that the rule in civil cases must be applied; and
that if as reasonable men the jury believed, upon a fair prepon-
derance of the evidence, that the liquors were kept by the claim-
ant with intent to sell the same, in violation of law, they should
so find by their verdict."

The jury found that the liquors were so kept, and the claim
ant excepted.

*A. Russ,* for the claimant.

*C. R. Train,* Attorney General, *& W. G. Colburn,* Assistant
Attorney General, for the Commonwealth.    The question here
presented has not been directly decided in this Commonwealth.
There is a *dictum* in *Commonwealth* v. *Intoxicating Liquors,*
105 Mass. 595, which expresses the opinion that the rule of evi-
dence is the same as in ordinary criminal cases; but the point
was not directly in issue in that case, and no ruling upon this
point was given or refused in the court below.    The proceed-
ing is primarily a process *in rem* in which the Commonwealth,
on the ground that the liquors, by their sale, are or are about
to become a statutory nuisance, confiscates and destroys them.
This is not done as a punishment for the crime of selling or
intending to sell.    That is another and distinct offence, for
which there is an appropriate penalty, and the owner of the
liquors is not exempt from that punishment by reason of any

seizure and confiscation of the property. If we consider the forfeiture as a punishment for the crime of keeping with intent to sell, we impose two distinct penalties, reached by two distinct processes, for the same offence.

A forfeiture of property, under a proceeding against it specifically, differs essentially from a forfeiture in a proceeding against the owner directly. The latter is a fine, as a punishment or partial punishment, for an offence. The former is the exercise of a right of protection to society by the destruction of a thing liable to be dangerous to life, health or morals. Similar provisions exist for the forfeiture and destruction of obscene books ; Gen. Sts. *c.* 165, § 16 ; St. 1862, *c.* 168 ; and of diseased or unwholesome provisions and drugs. Gen. Sts. *c.* 166, §§ 3, 5. *Barnicoat* v. *Gunpowder*, Thach. Crim. Cas. 596. *Trueman* v. *Gunpowder*, Ib. 14. 1 Bishop, Crim. Law, (5th ed.) §§ 821–829, 944. Generally where goods are forfeited by proceedings *in rem* the rules of law applicable to civil suits apply. Gen. Sts. *c.* 153, §§ 5, 6, 12, 15, 16. *Barnacoat* v. *Gunpowder*, 1 Met. 225.

This is a statutory and not a common law forfeiture, which was a consequence of a judgment of conviction against a person. *The Palmyra*, 12 Wheat. 1, 13, 15. The provision in the statute is that the liquor shall be forfeited, and not that the claimant or supposed owner shall forfeit the liquor. St. 1869, *c.* 415, § 51 In bastardy complaints, which seem to partake more of the nature of criminal actions than seizure cases, the charge is proved by a preponderance of the evidence. *Richardson* v. *Burleigh*, 3 Allen, 479. *Young* v. *Makepeace*, 103 Mass. 50.

GRAY, C. J. A proceeding under the St. of 1869, *c.* 415, for the forfeiture of intoxicating liquors illegally kept and intended for sale, is of a criminal nature. The statute requires that both in the complaint on oath by which the proceeding is commenced, and in the search warrant issued thereon, the place to be searched, the liquors to be seized, and the person by whom they are owned or kept and intended for sale, shall be particularly designated, and " the offence fully, plainly and substantially described." §§ 44, 46. *Commonwealth* v. *Intoxicating Liquors*, 13 Allen, 52. Notice is to issue to the person complained against as the keeper of the liquors seized, and to all other persons claiming any interest therein, to appear and answer the complaint and show

cause why the liquors should not be forfeited; and "time and opportunity for trial and defence shall be given to persons interested." §§ 48, 49, 50. If the person complained against, or any other person claiming an interest in the liquors appears, "he shall be admitted as a party on the trial;" and whether there is any such appearance or not, the liquors are to be adjudged forfeited only upon satisfactory proof that they were owned or kept by the person alleged in the complaint, for the purpose of being sold in violation of law. § 51. *Commonwealth* v. *Intoxicating Liquors*, 113 Mass.    . If no person appears as a claimant, or judgment is rendered in favor of all who so appear, "the cost of the proceedings shall be paid as in other criminal cases;" if any person appearing fails to sustain his claim, judgment is to be rendered and execution issued against him for costs, and, in case of non-payment thereof, he is to be committed to jail, and not discharged until he has paid the same and the costs of commitment, or been imprisoned thirty days. § 54. From the judgment of a justice of the peace or police court, the person complained against, as well as any claimant whose claim is not allowed, has "the same right of appeal, and to the same court, as if he had been convicted of a crime," first entering into a recognizance to the Commonwealth to prosecute his appeal and "to abide the sentence" of the court appealed to. § 55. *Commonwealth* v. *Intoxicating Liquors*, 13 Allen, 561.

It is upon the ground that these proceedings are in the nature of a criminal prosecution, that they have been held by this court not to be within the statute making the Commonwealth liable to costs "in civil suits and proceedings;" *Commonwealth* v. *Intoxicating Liquors*, 14 Gray, 375; and to be within the statute which allows the Commonwealth a right to peremptorily challenge jurors "in all criminal cases." *Commonwealth* v. *Intoxicating Liquors*, 107 Mass. 216.

The distinction between proceedings of this character, prosecuted exclusively on behalf of the Commonwealth, and those commenced in the name of an individual and carried on for his own benefit, as in *Barnacoat* v. *Gunpowder*, 1 Met. 225, and under the Gen. Sts. *c*. 153, was pointed out in *Commonwealth* v. *Intoxicating Liquors*, 14 Gray, 375, and in *Attorney General* v. *Justices of Municipal Court*, 103 Mass. 456, 467.

It was therefore rightly said in *Commonwealth* v. *Intoxicating Liquors*, 105 Mass. 595, that "the intent to sell contrary to law, in which the whole criminality of the keeping consists, must be proved beyond reasonable doubt, according to the ordinary rule of criminal cases, before a decree of forfeiture can be had." The jury in the present case having been instructed otherwise, the
*Claimant's exceptions must be sustained.*