COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS,
Thomas McCormick, claimant.

Suffolk.    March 31. — June 18, 1874.    AMES & DEVENS, JJ., absent.

A complaint on the St. of 1869, *c.* 415, § 44, averred that intoxicating liquor was kept in a certain three-story brick building with basement, situate, &c., and prayed for a warrant to search "said three-story brick building with basement and all sheds and outbuildings belonging to said building." The warrant issued on this complaint directed the entry and search of the three-story brick building and all outhouses and sheds belonging to said building. *Held,* that the warrant was void.

COMPLAINT to the Police Court of Somerville on the St. of 1869, *c.* 415, § 44. Trial in the Superior Court, on appeal, before *Bacon,* J., to whose rulings the claimant alleged exceptions, the substance of which is stated in the opinion of the court.

*C. F. Donnelly,* for the claimant.

*C. R. Train,* Attorney General, *&* *W. G. Colburn,* Assistant Attorney General, for the Commonwealth.

WELLS, J.    The complaint on the St. of 1869, *c.* 415, § 44, alleges reason to believe and belief that certain intoxicating liquors are kept and deposited by Thomas McCormick " in a certain three-story brick building with basement, situate," &c. ; and prays for a warrant to search " said three-story brick building with basement and all sheds and outbuildings belonging to said building." The warrant recites the complaint and directs the officer to enter " the three-story brick building and all outhouses and sheds belonging to said building herein above described," and make search. The St. of 1869, *c.* 415, § 44, authorizes the magistrate to issue a warrant " to search the premises in which it is alleged such liquor is deposited." In *Commonwealth* v. *Intoxi-*

*cating Liquors*, 109 Mass. 371, and *Same* v. *Same*, 109 Mass. 373, it was held that a warrant which authorizes the search of any building or part of a building not included in the description of the premises in which the liquor is alleged to be deposited, is wholly void. This case comes within the principle of those decisions.                                    *Exceptions sustained.*