## THE PEOPLE v. STEPHEN POTTER.

*Criminal law—Presumption of innocence—Charge to jury.*

In *all* criminal cases, whether the offense charged is statutory or one recognized at the common law, the presumption of innocence obtains in favor of the respondent, and the failure of the court so to instruct the jury, whether requested to do so or not, is reversible error; and this rule applies to statutory misdemeanors where intent is not an element of the offense charged.

Exceptions before sentence from Midland. (Hart, J.) Argued November 11, 1891. Decided December 22, 1891.

Respondent was convicted of a violation of the liquor

89 MICH.—23.

law by failing to keep his saloon closed on Sunday. Reversed, and new trial ordered. The facts are stated in the opinion.

*H. H. Graves* and *W. D. Gorden,* for respondent.

*A. A. Ellis,* Attorney General, for the people.

CHAMPLIN, C. J.   The respondent was tried upon the charge of violating what is known as the "Liquor Law," in which it is stated that he, being then and there a keeper of an hotel in the village of Coleman, in the county of Midland, with a bar in said hotel, and said bar being a place where malt liquors were sold at retail, on the 1st day of December, 1889, being the first day of the week, commonly called "Sunday," did not keep the said bar closed, and did then and there, on the 1st day of December, 1889, the same being Sunday, keep the said bar open for the purpose of selling malt liquors at retail therein; the said Stephen Potter not being then and there a druggist who sells liquor for chemical, scientific, medicinal, mechanical, or sacramental purposes only, and in strict compliance with law, and the hotel with a bar therein not being then and there a drug-store.

The respondent was convicted, and has brought the case to this Court by exceptions before sentence. We have a printed record containing a bill of exceptions, but we are not furnished with any assignments of error, nor with any brief on behalf of the respondent. We have examined the bill of exceptions, and find no errors contained therein.

The only exception to the charge of the court about which anything need be said is the following:

"Defendant, by his counsel, also then and there excepted to said charge, for the reason that said circuit

judge failed therein to charge the jury that the respondent was presumed innocent until proven guilty."

It was said in *People v. Macard,* 73 Mich. 25, 26, that the court should have charged the jury that the respondent was presumed innocent until proved guilty. *People v. Murray,* 72 Mich. 10. This is a duty which the court owes to a prisoner at the bar charged with a crime, in order that the jury may fully comprehend and understand that this presumption of innocence adheres until it is overcome by proof beyond a reasonable doubt to the contrary.

The learned Attorney General suggests that this duty does not apply to mere misdemeanors where intent is not an element of the crime, and where it has been held not to be error for the court to direct a verdict for conviction against the prisoner; but we think that the presumption exists in all cases of persons charged with a criminal offense, whether it be a statutory one, or one recognized as an offense at the common law. In either case, unless some proof is introduced to overcome the presumption, the prisoner would be entitled to a verdict of acquittal.

For this error the conviction must be reversed, and a new trial had.

Morse, McGrath, and Long, JJ., concurred with Champlin, C. J.

Grant, J. *(dissenting.)* Two witnesses in this case swore that the defendant's saloon was open on Sunday. One of them gave the names of nine persons that he saw within the saloon, and said that he did not remember of seeing any one behind the bar that day but the defendant. The other witness testified that the saloon was open, and that he obtained a drink over the bar. The only defense offered was from the defendant, who testified

in his own behalf that it was his practice to keep his bar closed on Sunday, and that to the best of his judgment it was closed. on the Sunday in question, but that he had no particular remembrance of that day, and he would not swear that it was not open. The witnesses for the people were not impeached. In order to acquit the respondent the jury would have been obliged to find that . the people's witnesses committed perjury. The charge of the court was fair and impartial. He instructed them that the "burden of proof was on the people to establish the defendant's guilt, by testimony introduced in court, to their satisfaction beyond a reasonable doubt;" and further instructed them that they were the exclusive judges of the facts. No errors are assigned, and no brief is filed on the part of the respondent.

The only error claimed is that the court in his charge did not, of his own motion, instruct the jury that the respondent was presumed to be innocent until proven guilty. No intent was necessary to constitute this crime. *People v. Waldvogel,* 49 Mich. 337; *People v. Blake,* 52 Id. 566; *People v. Riley,* 71 Id. 349; *People v. Neumann,* 85 Id. 98. The respondent's counsel did not request the court thus to instruct the jury. I can see no reason for holding that, under the circumstances of this case, the defendant was prejudiced.

The conviction should be affirmed, and the circuit judge advised to proceed to judgment on the verdict.