CHARLES VANDEVENTER v. STATE OF NEBRASKA.

FILED JANUARY 3, 1894. No. 6304.

Criminal Law: REASONABLE DOUBT: INSTRUCTIONS. The rule which requires proof in criminal cases, such as will exclude all reasonable doubt of the guilt of the accused, in order to authorize a conviction, is not limited to prosecutions for felonies, but applies as well to misdemeanors.

ERROR to the district court for Cass county. Tried below before CHAPMAN, J.

*Beeson & Root*, for plaintiff in error.

*George H. Hastings, Attorney General*, for the state.

POST, J.

This is a petition in error from the district court of Cass county. From the transcript it appears that the

plaintiff in error was tried upon an information charging
him with maliciously shooting with intent to wound the
complaining witness, one Stull.   A trial resulted in a ver-
dict of not guilty of the offense charged, but guilty of an
assault and battery.   A motion for a new trial having been
·overruled, judgment was entered on the verdict, to which
exception was taken, and which presents the questions to
be determined by this court.   The .facts disclosed by the
record are substantially as follows: Stull, the complaining
witness, and the plaintiff in error were neighbors occupy-
ing adjoining farms.   On the land of the former was a
quantity of old lumber, the remnant of a packing house
formerly operated there, to which each claimed title by pur-
chase.   Steps had been taken by the county board to es-
tablish a public road through the land of Stull, the lumber
above mentioned being within the proposed right of way
thereof, but at the time of the shooting charged said road
had not been opened for the use of the public, and the
fences of Stull had not been removed therefrom.   On Sun-
day, the 26th day of June, 1892, the plaintiff in error
opened the wire fence and went upon the premises of Stull
with his team to secure a load of the lumber in controversy.
When the latter discovered him in the act of loading the
lumber, he closed the fence, and commanded him to unload
the lumber then on the wagon.   Plaintiff in error was
armed with a revolver and an axe, while Stull was unarmed,
although during the altercation which ensued he procured
a willow club, but for what purpose does not clearly ap-
pear.   It is shown, and is not disputed, that the plaintiff
in error shot twice at Stull, one shot taking effect in the
arm of the latter, and the other causing a slight wound in
his hip.   The contention of the plaintiff in error was that
he had retreated before Stull, who was endeavoring to strike
him with the club above mentioned, until farther retreat
became impossible by reason of a steep bank, when he fired
the shots in question in defense of his own person.   It is

42

necessary to notice but one of the questions argued by counsel, viz., that presented by the following instructions given by the court on its own motion :

"5½. Should the jury find from the evidence that there is a reasonable doubt of the accused's guilt as he stands charged in the information, still, if they believe from the evidence that the defendant is guilty of an assault and battery, you may return a verdict of not guilty of the offense charged in the information, but that the defendant is guilty of assault and battery.

"6. The defendant is entitled to every presumption of innocence compatible with the evidence in the case, and in law is always presumed to be innocent until his guilt is established by evidence, and such guilt must be established beyond a reasonable doubt; a mere preponderance of the evidence is not sufficient; and in this connection you are further instructed that a reasonable doubt which entitles an accused to be acquitted is a doubt of guilt of the crime charged in the information, arising from all the evidence in the case. The proof is to be deemed to be beyond a reasonable doubt when the evidence is sufficient to impress the judgment of ordinary minds with a conviction on which they would act, without hesitation in the most important concerns of life."

"8. You are instructed that in order to warrant a verdict of guilty in this case as charged in the information, it is necessary for the state to prove, beyond a reasonable doubt, that defendant deliberately and maliciously made the assault and shot the prosecuting witness with intent to wound him, and that with such deliberately formed intentions he entered the premises of the prosecuting witness. In this connection the intent may be inferred by the jury from the acts committed by the accused, if the evidence warrant it; that is, the fact that the accused shot and wounded the prosecuting witness is sufficient in itself, unexplained by other circumstances, to establish the felonious

intent, unless you find from the evidence and facts surrounding the shooting and wounding that the accused had sufficient provocation for the assault or shooting to warrant him in shooting the prosecuting witness in self-defense."

The particular vice imputed to these instructions is that while they require the jury to be satisfied of the guilt of the accused beyond a reasonable doubt in order to convict of the crime charged in the information, they authorize a conviction for an assault and battery on a bare preponderance of the evidence. A careful examination of the charge above set out has satisfied us that it is subject to the criticism aforesaid. Not only are the jury authorized by paragraph 5½ to convict of an assault and battery, notwithstanding the evidence may be insufficient to establish guilt beyond a reasonable doubt, but the term "reasonable doubt," wherever used in the other paragraphs, is limited to the crime charged, and cannot by any reasonable or natural construction be said to apply to the offense of which the accused was convicted. There formerly existed a diversity of opinion upon the question whether the presumption of innocence was available to one accused of a mere misdemeanor in the sense that the prosecutor was required to establish guilt beyond a reasonable doubt; but the decided weight of authority may now be said to sustain the proposition that the rule which requires proof of guilt beyond a reasonable doubt applies to all criminal prosecutions, to misdemeanors as well as to felonies. (1 Bish., Crim. Proc., 1093; *Commonwealth v. Intoxicating Liquors*, 115 Mass., 142; *Fuller v. State*, 12 O. St., 433; *People v. Potter*, 89 Mich., 353.) For the reasons stated the judgment is reversed and the case remanded for further proceedings in the district court.

REVERSED AND REMANDED.