Hunter *v.* The State.

Filed April 1, 1896.

---

No. 2,045.

## HUNTER *v.* THE STATE.

CRIMINAL LAW.—*House of Ill-Fame.—Husband and Wife.—In Pari Delicto.*—The husband of a wife who keeps a house of ill-fame, she owning the house and conducting the business, he living with her in the house and being fed, clothed, and furnished with a horse and buggy and spending money from the proceeds of the business, is equally guilty with his wife of the crime of keeping such a house.

From the Sullivan Circuit Court.

*Briggs & Lindley*, for appellant.

*W. A. Ketcham*, Atty.-General, *C. D. Hunt*, Pros. Atty., and *W. H. Bridwell*, for State.

GAVIN, C. J.—Appellant was convicted of keeping a house of ill-fame. From the evidence it appears that his wife, who was indicted with him and pleaded guilty, owned the house and conducted the business; he had no further connection with it than that he lived with her in the house as her husband, was fed and clothed, furnished with a horse and buggy and spending money from the proceeds of the business.

Counsel argue that under our statutes, enlarging the rights of a married woman, the husband who only lives off the proceeds of her shame cannot be held responsible therefor. While it is true that under our liberal laws the legal disabilities of married women have been largely removed, yet it is not true that the husband has lost all his common law rights and duties as the head of the family. Although she may own the property in which they live, it is incumbent upon him to exercise his marital powers to prevent her defiling the home by keeping a brothel. If, as here, he fails to do so, but permits the business to be there carried on, and enjoys the fruits of the illegal traffic, he must share with her the responsibility therefor. 1 Bishop New Cr. Law, section 1084; *Commonwealth* v. *Wood*, 97 Mass. 225; *Commonwealth* v. *Certain Int. Liquors*, 115 Mass. 145.

Some of the authorities hold him guilty under such circumstances, even though he do not share in or receive any part of the profits.

The conviction was, in our opinion, right.

Judgment affirmed.

Filed April 1, 1896.