# The People of the State of Illinois, Defendant in Error, v. Joseph Paule and Grace Marie Paule, otherwise known as Marie Paule, Plaintiffs in Error.

## Gen. No. 6,896.

1. INTOXICATING LIQUORS—*what not sufficient to justify wife's conviction on charge of keeping nuisance.* The mere fact that a wife was present when her husband illegally sold liquor in their home and did not disapprove of such sale was insufficient to justify her conviction on the charge of keeping a nuisance, some affirmative act being necessary on her part.

2. CRIMINAL LAW—*when statement of State's Attorney and remark of court not prejudicial to defendants.* In an intoxicating liquor prosecution, where a witness called by the State was obviously hostile and it was apparent he did not intend to tell any more than he was compelled to tell, a statement by the State's Attorney to the court that he was a hostile witness and asking

permission to cross-examine him and ask leading questions and a remark of the court that, "I thought you would ask that," upon defendant's counsel moving to instruct the jury to disregard the remark of the district attorney, were not prejudicial to defendants.

3. CRIMINAL LAW—*when punishment imposed will not be disturbed by Appellate Court.* In criminal prosecutions, the punishment to be imposed within the provisions of the statute is within the sound discretion of the trial court and will not be disturbed by the Appellate Court, unless there is a good reason for doing so.

4. INTOXICATING LIQUORS—*when punishment imposed for illegal sale and maintaining nuisance not abuse of discretion.* The punishment imposed upon defendants, husband and wife, for the illegal sale of intoxicating liquor and the maintenance of a common nuisance, *held* not an abuse of discretion.

Error to the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the April term, 1921. Affirmed in part, reversed in part and remanded. Opinion filed November 2, 1921.

GEORGE W. FIELD and SIDNEY H. BLOCK, for plaintiffs in error.

ASHBEL V. SMITH and ALBERT HALL, for defendant in error.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Plaintiff in error, Joseph Paule, was convicted in the circuit court of Lake county upon an indictment charging the illegal sale of intoxicating liquor and upon one count charging him with maintaining a common nuisance. He was fined $100 and sentenced to jail for 30 days on each of the six counts charging sales, and was fined $250.00 and sentenced to jail for 60 days on the nuisance count. Grace Marie Paule in the same proceeding was found guilty under the nuisance count and was fined $300 and sentenced to 120 days in jail. To review this judgment a writ of error has been prosecuted from this court.

It is first urged that the evidence does not sustain the conviction of Grace Marie Paule. The evidence

shows that the plaintiffs in error are husband and
wife and have for several years resided at Fourth
Lake in Lake county. The evidence also shows that
in the house occupied by them considerable intoxicat-
ing liquor was found and that the liquor was kept for
sale and was sold by Joseph Paule, but there is no
evidence in the record as to any sale by Grace Marie
Paule. The house was sometimes called Marie's place
and on at least one occasion, if not more, she was pres-
ent when her husband sold liquor.

The contention of defendant in error is that she is
guilty as an accessory and for the further reason that
she was present when the law was violated and did
not disapprove or oppose such violation.

Grace Marie Paule as the wife of Joseph Paule oc-
cupied this house; that was her home. She not only
had a right to be there but it was her duty to be there.
Her mere presence in the house was, alone and of
itself, no evidence of guilt. Nor was the fact that her
husband, in her presence, sold intoxicating liquors
sufficient to justify her conviction. The husband was
the head of the household and was supposed to domi-
nate its affairs. She was not guilty of maintaining a
nuisance unless she did some affirmative act which
showed that she was one of the parties to the act.
The evidence is not sufficient to show such affirm-
ative act, is not sufficient to sustain a conviction as
to her and the judgment will be reversed as far as she
is concerned.

On the trial, George Turnwell was called as a wit-
ness by the defendant in error and during his exam-
ination it appeared that he was a reluctant witness
and not friendly to the prosecution, and the State's
Attorney stated to the court that he was a hostile wit-
ness and asked permission to cross-examine him and
ask leading questions. Counsel for plaintiffs in error
moved to instruct the jury to disregard this remark of
the State'sAttorney and the court said, "I thought you
would ask that." Plaintiffs in error insist that both

the remark of the State's Attorney and of the court constitute error.

The examination of the witness was in the presence of the jury and it was apparent from his demeanor on the witness stand that he did not intend to tell any more than he was compelled to tell. The announcement of the State's Attorney that he was hostile was simply the statement of a fact which was already apparent to the jury from the actions of the witness. Neither the remark of the State's Attorney nor of the court was in any way prejudicial to plaintiffs in error.

Complaint is made that the punishment is excessive. The amount of fine and term of the imprisonment are within the provisions of the statute. The penalty to be imposed is a matter within the sound discretion of the trial court and it will not be disturbed unless there is a good reason. *People v. Elliott,* 272 Ill. 592. It is apparent from the evidence that plaintiff in error, Joseph Paule, was selling intoxicating liquor in violation of law and was maintaining a common nuisance and it was the duty of the court to impose a penalty commensurate with the offense. We cannot say that the trial court abused its discretion in this respect.

The judgment will be affirmed as to Joseph Paule and reversed and remanded as to Grace Marie Paule.

*Affirmed in part, reversed in part and remanded.*