**The People of the State of Illinois, Defendant in Error, v. Joe Smith and Maggie Smith, Plaintiffs in Error.**

Opinion filed June 4, 1934.

R. E. Smith, for plaintiffs in error.

MARION M. HART, State's Attorney, and ROBERT E. HICKMAN, Assistant State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

The State's attorney of Franklin county filed an information in the county court, charging Joe Smith and Maggie Smith, husband and wife, with the crime of keeping a common disorderly house.

The information consisted of three counts, in the first of which it is alleged that such house was kept "to the encouragement of drinking"; in the second, it was averred to be "to the encouragement of idleness"; and in the third, it was charged that such keeping was "to the encouragement of fornication."

There was a trial before a jury, who returned general verdicts finding both Smiths guilty as alleged in the information. After motions for a new trial and in arrest of judgment had been overruled, the court committed Joe Smith to the Illinois State Farm at Vandalia for one year, and to pay a fine of $100, while Maggie Smith was sentenced to the Illinois State Reformatory for Women at Dwight, for a term of one year, and fined $100.

Following the imposition of sentence, the Smiths prayed for and were allowed, by the trial court, an appeal; also a release on bail pending same. This was error. There is no law in Illinois permitting appeals from judgments in criminal cases, the only method of review being by writ of error; also, no authority exists in a trial court to suspend a judgment of conviction, in a criminal prosecution, by admitting the persons so convicted, to bail pending review of the cause. This can only be done by an Appellate Court when a writ of error has been sued out, and same has been made a supersedeas. Had the People moved to dismiss the appeal because of its wrongful allowance, the motion

would have been sustained, and the parties relegated to the right of review by writ of error. No such motion was made, but the People entered their appearance, and, by filing brief and argument, created a joinder in error. The cause was submitted for review of the errors assigned upon the record, and all that is essential to a hearing upon a writ of error, being before the court, it may be treated as having been so brought, and considered as such. *Graff v. People,* 208 Ill. 312; *French v. People,* 77 Ill. 531.

The trial occurred on October 11, 1933. It appears from the testimony that for some time prior thereto the Smiths had been living in the City of Zeigler, operating a business in a large 14-room house, the front room of which was fitted up as a barroom, immediately in the rear of which was a large living room, furnished with a piano and victrola, which other rooms were used as sleeping apartments.

A young woman, called Billy McCann, testified that she was 20 years of age, a native of St. Louis, Mo., where she had lived the life of a prostitute; that Maggie Smith came to St. Louis and persuaded her to become an inmate of her house, for illicit associations with men, for which she was to be paid $2 for each association, one-half of which she was to retain, and the balance turn over to Mrs. Smith; that pursuant to such arrangement, she came to Zeigler, in November, 1932, entered the house, engaged in her vocation, remained two or three days and then left, shortly afterwards returning and staying in the Smith establishment until in December; that she cohabited with men each day for hire, pursuant to her arrangement with Maggie Smith; that, among others, was Joe Herwood, who called upon her numerous times; and that Joe Smith was fully aware of her presence and conduct, as was also Mrs. Smith.

Herwood testified that during such month of December, he stayed at the Smith house several nights with

the young woman, and sustained sexual relations with her on such occasions, and that Mrs. Smith knew that he was so present.

The Smiths both testified that the girl was employed as a domestic, and that so far as they knew, no fornication was practiced in their place. Joe Smith stated that he, at the time of the trial, was and had been, since the preceding April, operating a saloon under a license; that prior thereto, he had conducted a lunch room, and to use his words, "I will be perfectly frank with you; I was bootlegging." He further said that he had, at one time, run a rooming house, but that neither he nor his wife had done so within 18 months preceding the trial. His wife, Maggie Smith, however, disputed him in material respects, she testifying that at the time of trial, she was conducting a rooming house; also, she denied that either she or her husband had run a place where intoxicating liquor was unlawfully sold, although he had just previously stated that was his vocation before April, 1933.

Eight assignments of error are laid; however, but three are argued; hence, under the settled rule, the remaining five will be considered as waived. *International Harvester Co. v. Industrial Board*, 282 Ill. 489. The points relied upon are, first, that the verdicts are contrary to the evidence; second, that the sentence of the court is excessive; third, that the verdicts are not responsive to the issues proposed by the information.

There is sufficient proof to justify the jury in finding that Joe Smith and Maggie Smith were dwelling together in the building in question; that she was therein conducting a house of prostitution, and doing so with the knowledge and approval of her husband. Where such is the situation, both are criminally liable as the keepers of a disorderly house; she, because of being its mistress, and he, because, under the circumstances, is presumed to be the head of the family, and regardless of ownership is presumed to be, and held, liable for

the unlawful use of the house, where same is with his knowledge and consent; that too, even though all the profits of the illicit traffic were received by the wife, as held in *Commonwealth v. Wood,* 97 Mass. 225.

In *State v. Jones,* 53 W. Va. 613, 45 S. E. 916, it was stated that in the eyes of the law, the husband and wife are equally criminal in keeping or permitting a house of ill fame in property resided in and mutually controlled by them.

*Hunter v. State,* 14 Ind. App. 683, 43 N. E. 452, declared the rule to be: "Although she may own the property in which they live, it is incumbent upon him to exercise his marital powers to prevent her defiling the home by keeping a brothel. If, as here, he fails to do so, but permits the business to be there carried on, and enjoys the fruits of the illegal traffic, he must share with her the responsibility therefor. 1 Bishop New Crim. Law, sec. 1084. *Commonwealth v. Wood,* 97 Mass. 225; *Commonwealth v. Certain Intoxicating Liquors,* 115 Mass. 145. Some of the authorities hold him guilty, under such circumstances, even though he do not share in or receive any part of the profits."

In *State v. Gill,* 150 Iowa 210, 129 N. W. 821, where a husband and wife were jointly indicted for keeping a house of ill fame, it was announced as law that the defendants, living together, and the husband permitting his wife to turn the house into a place of prostitution, became equally guilty with her. The rule is similarly stated in 18 Corpus Juris, 1252, sec. 54; in McClain on Crim. Law, sec. 148, and in Wharton's Crim. Law, sec. 1726, 11th Ed.

The contention is further made that the verdict is not responsive to the issues as proposed by the charge in the information. Whether the verdict was, or was not, so responsive, is a question not properly before this court. Motions for a new trial and in arrest of judgment were made in writing, particularly setting forth the specific grounds relied upon in each motion.

In neither was the sufficiency of the verdict, as to form, attacked or questioned.

Where certain points in writing, particularly specifying the grounds of a motion for a new trial, or a motion in arrest of judgment, have been filed, the party filing same will be deemed to have waived all causes therefor not set forth in the written motion, and in a court of review will be confined to the reasons thus specified. *People v. Cohen,* 352 Ill. 380.

Where objection to a form of verdict is not urged on motion for a new trial or in arrest of judgment, it cannot, for the first time, be raised in a reviewing court. *People v. Tananevicz,* 285 Ill. 376. The question, not having been urged to the trial court, by either the motion for a new trial, or that in arrest of judgment, is not presented by the record, for the consideration of this court.

Lastly, it is argued that the sentence of the court is excessive. The fine and imprisonment imposed were within the provisions of the statute creating the offense. The matter of the penalty to be inflicted is committed to the judgment and discretion of the trial court, and only in case of its abuse will its actions be interfered with. *People v. Elliott,* 272 Ill. 592, 600; *People v. Paule,* 223 Ill. App. 613.

It is apparent from the evidence that the establishment of the Smiths, prior to April, 1933, was being used by them, both as a house of assignation to which women were imported, from afar, to ply their illicit vocation, as well as a place where intoxicating liquor was sold in violation of law; that for both of these reasons, it was a common nuisance, and that it was the obligation of the court to impose an adequate penalty. Under the circumstances, we cannot say that the court transcended its discretion.

The judgments are affirmed.

*Affirmed.*