**People of the State of Illinois, Defendant in Error, v. Gwendolyn Tucker, Plaintiff in Error.**

Gen. No. 11,191.

Second District, First Division.

March 3, 1959.

Released for publication March 31, 1959.

John R. Snively, of Rockford, for plaintiff in error.

Latham Castle, Attorney General of State of Illinois, John L. Poole, State's Attorney, Whiteside county, Robert H. Potter, Assistant State's Attorney, Whiteside county, for defendant in error.

JUSTICE McNEAL delivered the opinion of the court.

By this writ of error the defendant, Gwendolyn Tucker, seeks to reverse a judgment and sentence entered by the County Court of Whiteside County on the verdict of a jury finding her guilty of the offense of keeping and maintaining a house of ill fame.

Defendant contends that the trial court erred in denying her motion to quash the information and in entering judgment on an insufficient verdict. The substance of the information is that the defendant on the 4th day of August, 1957, "did unlawfully and wilfully keep and maintain a house of ill fame and place for the practice of prostitution and lewdness in a building located at 1306 Dillon Avenue, Sterling, Illinois, contrary to the statute," etc. The verdict returned by the jury reads: "We, the jury, find the defendant, Gwendolyn Tucker, guilty of keeping and maintaining a house of ill fame, in manner and form as charged in the information, and we fix her punishment at a fine of Two Hundred Dollars and six months confinement in the County Jail. And we further find from the evidence that the said defendant, Gwendolyn Tucker, is now about the age of 46 years."

■ ■ In People v. Russell, 337 Ill. App. 665, 86 N.E.2d 588 (Abst.), the defendant was charged with

48

keeping a house of ill fame and with maintaining a place for the practice of prostitution and lewdness. The defendant contended that the information was vague and insufficient and did not apprise her of the offense charged. The Court said: "The information is in the language of the statute, which is sufficient. It sets forth in particularity the date of the offense, the description and address of the house alleged to have been maintained by the defendant on the date in question, and any acquittal on the charges as laid would most certainly bar any future prosecution for the same offense." In that case the Court also said that "a finding of 'guilty of keeping a house of ill fame as charged in the information herein' is entirely proper." In the instant case the information is in the language of the statute (Par. 162, Ch. 38, Ill. Rev. Stat. 1957). The information and the verdict are sufficient and the trial court committed no error in denying defendant's oral motion to quash or by entering judgment and sentence against defendant on the verdict returned by the jury.

■■■ Defendant next urges that the trial court erred in admitting testimony relative to conversations with other persons out of the presence of the defendant. Sheriff Boyd Kimmel and Deputy Edward Loftus testified that they were at the house on Dillon Avenue about 1:00 A. M. on August 4, 1957. Sheriff Kimmel knocked on the door. The door was opened and Homer Gallentine said: "Come in, boys." They walked through the kitchen and into the living room, where Charlene Dennis was sitting on a studio couch. She said: "I am not working tonight. You will have to wait for one of the other girls. . . . They are both busy. They will be out in a few minutes."

In People v. Williams, 6 Ill.App.2d 325, 336, affirmed 8 Ill.2d 140, it was charged that defendant kept and maintained a house of ill fame. After reviewing evidence similar to that shown in the record here, the

Court said: "All of this evidences a conspiracy of plaintiff in error and his wife and the two girls to conduct and operate a house of ill fame. . . . It is well established that where a conspiracy exists to violate the criminal laws, all conversations between co-conspirators in carrying out the unlawful act or acts are admissible against the party on trial, even though made out of his presence. This is true notwithstanding the indictment did not charge a conspiracy." In People v. Levin, 292 Ill. App. 413, 418, the Court said that such conversations with the inmates of a house of prostitution out of the presence of the defendant were competent to show the character of the house. The testimony of Officers Kimmel and Loftus relative to conversations out of defendant's presence was properly admitted.

The Sheriff and his deputy testified further that they went into a bedroom and there found a man and woman, known as Ginger Lane. She was barefoot and wore a kimona. The man jumped or dove out of the window. Other witnesses testified that defendant rented the house and paid the rent.

Homer Gallentine, aged 77 years, testified that he had known defendant for 20 years. She resided at 522 Wallace Street and rented the house at 1306 Dillon Avenue. At times he stayed at defendant's residence and for about two months he had lived at the house on Dillon Avenue. Defendant took him there in a car. He mowed the grass and took care of work around the house. On August 4 there were three girls there. They took men to bed, got money from the men, and gave money to defendant. On cross-examination Gallentine testified that he was arrested, and on August 5 entered a plea of guilty to an information which charged that on August 4 he kept and maintained a house of ill fame at 1306 Dillon Avenue. Defendant contends that the People were estopped from introducing any evi-

50

dence pertaining to her offenses prior to August 5 by the judgment obtained against Gallentine on that date. We think not. Both were keeping and maintaining a house, the defendant as principal, and Gallentine as her resident agent.

■ The record in People v. Tucker, 18 Ill.App.2d 546, 152 N.E.2d 607 (Abst.), discloses that this Court affirmed a decree entered by the Circuit Court of Whiteside County on March 11, 1957, perpetually restraining and enjoining Mrs. Tucker from maintaining a house or other place for the purpose of prostitution anywhere within the jurisdiction of that Court, and also from using the house at 522 Wallace Street for any purpose for a period of one year. We have carefully reviewed the evidence in the record before us and are satisfied that the evidence proves beyond a reasonable doubt that defendant also kept and maintained the house on Dillon Avenue and that it was in fact a house of ill fame. The trial court properly denied defendant's motions for a directed verdict.

■ Defendant also complains that the trial court erred in giving an instruction on circumstantial evidence for the People and by refusing her instructions pertaining to alibi. In a prosecution for keeping and maintaining a house of ill fame, defendant's guilt may be shown either by direct evidence, which in most cases of this character is impossible or impracticable, or by circumstances from which according to the rule of common sense and reason guilt is inferable. People v. Berger, 284 Ill. 47, 50, 119 N. E. 975; People v. Williams, 6 Ill.App.2d 325, 340. Defendant's tendered instruction 19 reads in part, "that one of the defenses in this case is what is known in law as an alibi, that is, that the defendant was at another place at the time that the alleged offense was committed, and therefore could not have committed it." Defendant's tendered instruction 20 reads in part, "that when a person who

51

was not at the place where an offense was committed at the time of its commission is later charged with having been present and having committed such offense, her absence from the scene of the offense, if proved, is a complete defense which we call an alibi." Neither of these instructions was applicable to the offense charged in this case. Her absence from the premises on the night in question constituted neither a defense nor an alibi. The Court properly gave the instruction on circumstantial evidence offered by the prosecution, and properly refused defendant's instructions on alibi. The Court gave twenty of twenty-four instructions tendered by defendant, and five of only six offered by the prosecution. The instructions given for the People were proper, and the jury was amply instructed on every defense available to defendant under the evidence in this case.

In all cases where the penalty as prescribed by statute is confinement in the county jail, or fine, or both, if the jury finds the accused guilty, the jury shall also fix the time of confinement, or fine, or both, as the case in its judgment requires. Par. 754a (b), Ch. 38, Ill. Rev. Stat. 1957. The fine and confinement fixed by the jury in this case are within the provisions of the statute creating the offense and are not excessive. People v. Smith, 275 Ill. App. 199, 205.

We have reviewed all of defendant's many assertions of error and fail to find merit in any of them. The judgment of the County Court of Whiteside County is therefore affirmed.

Affirmed.

SPIVEY, P. J. and DOVE, J., concur.