(No. 35765.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GRACE VAN SCOYK, Plaintiff in Error.

*Opinion filed September 29, 1960—Rehearing denied Nov. 30, 1960.*

HAROLD H. GOLDMAN, of Chicago, (IRVING S. ABRAMS, of counsel,) for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Grace Van Scoyk, was charged with being an inmate of a house of ill fame or a place for the practice of prostitution, (Ill. Rev. Stat. 1959, chap. 38, par. 163,) and for illegal possession of pornographic pictures and obscene literature. (Ill. Rev. Stat. 1959, chap. 38, par. 468.) The cases were consolidated and tried in the municipal court of Chicago by the court without jury. The defendant was found guilty on both charges and sentenced to the county jail for 90 days on each charge, the sentences to run concurrently. Defendant comes directly to this

court on the ground that a constitutional question of unlawful search and seizure is involved. *People* v. *Watkins,* 19 Ill.2d 11.

The defendant argues that her convictions should be set aside on the grounds (1) that the conduct of the police officers constituted entrapment, (2) that evidence was obtained by unlawful search and seizure, and (3) that the evidence does not sustain the charge that defendant was an inmate of a house of ill fame.

To determine the merit of these contentions we have carefully examined the entire record before us. Police officer Richard Cain testified that he went to defendant's house with an informer at about 7:50 P.M. on February 12, 1959, rang the bell and was invited in by the defendant. She then asked Cain and the informer, "Which one wants to go first?" Cain said that he did and defendant took him into the bedroom and asked Cain what he wanted. He said he wanted a good time, and defendant said, "It will cost you twenty dollars." Cain gave her two marked ten-dollar bills which defendant put in a drawer outside the bedroom. After defendant removed her dress, she was placed under arrest. A search of the drawer in which she placed the ten-dollar bills revealed quantities of pornography, and a further search revealed $66,000 in cash. Cain further testified that defendant admitted she had been a prostitute since 1914.

Police officer Shallow testified that he entered the house upon a signal from Cain after defendant had been placed under arrest, and aided in the search which revealed the pornographic material. It was stipulated that the pictures and literature seized were obscene and pornographic.

Defendant Van Scoyk, testifying in her own behalf, categorically denied the testimony of Cain. Her version of the incident is that Cain and another man entered her house without invitation and began searching the premises. Cain took her into the bedroom, tore off her skirt and sweater

and held her at gunpoint until Shallow appeared. She testified that she had never seen the pornographic material before, and someone must have put it in the drawer without her knowledge.

At the outset, we feel that upon the entire record, the trial judge, as the trier of fact, was amply justified in believing the testimony of the police officers and rejecting that of defendant Van Scoyk. (*People* v. *Ulrich,* 411 Ill. 316; *People* v. *Cullotta,* 376 Ill. 333.) Based upon that testimony we think that the defense of entrapment is unavailable to defendant. From the testimony of the officers it is apparent that they neither seduced nor persuaded the defendant to engage in illicit activity. At most they afforded defendant an opportunity which she readily accepted. Such a practice does not constitute entrapment. (*People* v. *Outten,* 13 Ill.2d 21; *People* v. *Clark,* 7 Ill.2d 163.) It should further be noted that defendant's complete denial of any misconduct is inconsistent with the defense of entrapment which was not raised in the trial court. As we held in *People* v. *Outten,* 13 Ill.2d 21, the defense of entrapment must at least be suggested in the trial court, and may not be raised for the first time on appeal.

Turning next to the seizure of the admittedly pornographic material, we think the trial judge was completely justified on this record in finding that officer Cain gained admission to the premises lawfully at the invitation of defendant. He thereafter made a lawful arrest of defendant for prostitution, a point not disputed on this review. It is clear that subsequent to this lawful arrest, the police officers had the right to make a search of the immediate area to find the fruits of the crime, the marked ten-dollar bills. The officers found the marked money and the pornographic material in the same drawer. Such material, revealed by a search of the immediate premises under control of defendant subsequent to a legal arrest, may be properly seized and used as evidence. The facts of this case do not require

a definitive analysis of the precise boundaries of the right of search after lawful arrest. Suffice it to say that the search in the case at bar was well within those limits. *People* v. *Jones*, 16 Ill.2d 569; *People* v. *Clark*, 7 Ill.2d 163; *People* v. *Tillman*, 1 Ill.2d 525.

It is clear that the People proved the charge of possessing pornographic materials beyond a reasonable doubt. We believe the possession is undisputed and unexplained, and the obscene and pornographic character of the material is stipulated to by the defense. We find no error in the record on this charge, and hold that the conviction and sentence were clearly proper.

Defendant last contends that the evidence was insufficient to sustain the conviction on the charge of being an inmate of a house of ill fame. This argument is grounded upon the absence of any evidence of prior misconduct at this address or prior misconduct of the defendant. The People, however, would have us sustain the conviction on the evidence tending to show that the defendant accepted money for prostitution and admitted that she had been a prostitute since 1914. We think there is some merit in defendant's argument. While the evidence strongly tends to prove that the defendant solicited and took money for prostitution, she is specifically charged with being an inmate of a house of ill fame. It has been held that a single act of intercourse, even for pay, does not of itself make a place a house of ill fame within the common law or the statute. (*People* v. *True*, 235 Ill. App. 349; 17 Am. Jur., Disorderly Houses, secs. 3, 9.) In the case at bar, the record is devoid of the circumstantial evidence existing in *People* v. *Tucker*, 21 Ill. App. 2d 46, affd. 18 Ill.2d 103, and *People* v. *Williams*, 6 Ill. App. 2d 325, affd. 8 Ill.2d 140, to prove that the premises were houses of ill fame. The most this record proves beyond a reasonable doubt is that defendant was willing to engage in prostitution in her own premises on a single occasion. While the conduct and

admissions arouse grave suspicion of a course of misconduct, we cannot say that the record proves the character of the house beyond a reasonable doubt.

From the foregoing discussion, we conclude that the conviction on the charge of possessing pornographic pictures, *etc.*, must be affirmed and the conviction on the charge of being an inmate of a house of ill fame must be reversed.

*Affirmed in part and reversed in part.*