(No. 35398.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ORVILLE MEADERDS, Plaintiff in Error.

*Opinion filed January 20, 1961.*

Frank J. Gagen, Jr., of Chicago, for plaintiff in error.

William L. Guild, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley, and James R. Thompson, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

An indictment returned to the criminal court of Cook County jointly charged Orville Meaderds and Geraldine Peavy with unlawful possession of narcotic drugs, "the exact quantity of which [was] unknown to the Grand Jurors." Peavy pleaded guilty to the charge but Meaderds, referred to herein as defendant, entered a plea of not guilty, waived a jury and was tried by the court. He prosecutes this writ of error to review a judgment of conviction and an ensuing sentence to the penitentiary for a term of three to ten years.

On the morning of May 29, 1958, Chicago police, armed with a search warrant, entered an apartment where defendant and Peavy had been living together for about four months. They found the two in bed, arrested them and started to search the premises. Within a few minutes, 35 packets of heroin were found secreted behind a wall sink

and, according to the testimony of two of the officers present, defendant admitted the narcotics were his, that he had been dealing in the drug traffic for about two months, and that he obtained his drugs about every other day from a man named Sam. When cross-examined, both officers denied striking defendant and testified that Peavy had said nothing with regard to the narcotics found.

Testifying for the defense, Geraldine Peavy, who admitted she was an addict, stated that the narcotics were hers, that she communicated such fact to the police at the time the drugs were found, and that she had not heard defendant say anything about owning the narcotics. In addition, she testified one police officer had jumped on defendant and beat the latter with his fists.

Defendant testified in his own behalf that the officers said they were going to pin the crime on him, that he was beaten because he refused to divulge the source of supply, that he at all times denied knowledge or possession of the narcotics found, and that he heard Peavy tell the officers the narcotics were hers. In rebuttal, a third officer in the arresting party denied that defendant had been struck or abused by anyone and stated he had not heard Peavy claim the narcotics were hers.

Defendant first urges that the allegations of the indictment are so vague, uncertain and indefinite that they violate the due process and criminal prosecution clauses of the Illinois constitution. (Const. of 1870, art. II, secs. 2 and 9.) While, as a matter of substance, it is our opinion that the indictment fairly and adequately informed defendant of the crime with which he was charged, (and an intelligent defense was indeed made to the charge,) it is sufficient to point out that an attack on the allegations of an indictment because they lack particularity is technical, and should be taken advantage of by motion to quash. (*People* v. *Pamilio,* 359 Ill. 609; *People* v. *Johnson,* 392 Ill. 409.) Moreover, the People are not required to plead evidence in the indict-

ment, (*People* v. *Hughey,* 382 Ill. 136,) and if the amount of narcotics found was an important element to the preparation of a defense, or the allegations with respect to joint possession and control in need of clarification, such information could have been obtained by filing a request for a bill of particulars. *People* v. *Sims,* 393 Ill. 238.

It is next urged that the proof fails to establish defendant's guilt beyond reasonable doubt, the entire sweep of the argument being that the testimony of Peavy is the most reasonable and logical and that it should be accepted over that of the arresting officers. However, where a jury is waived, it is the function of the trial court to resolve conflicts in evidence and to determine the credibility of the witnesses. On review, this court will not disturb the judgment of the trial court in such respects unless it is plainly apparent that an injustice has been done or that reasonable doubt of guilt exists. (*People* v. *Wysocki,* 20 Ill.2d 62; *People* v. *West,* 15 Ill.2d 171.) Here the narcotics were found in an apartment rented by defendant while he was present, and the officers' testimony as to his admissions of ownership, which was unshaken on cross-examination, is neither inherently improbable nor difficult to believe. (Cf. *People* v. *Mack,* 12 Ill.2d 151.) We find nothing in the record which shows either injustice or error on the part of the trial court in accepting the version of the police officers as true. Such being the case, the evidence was sufficient to establish defendant's guilt beyond reasonable doubt.

Although there is a suggestion in the testimony of the defense witnesses that defendant's admissions were coerced by police brutality, no objection was made in the court below to the testimony concerning such admissions, nor have any claims of error or deprivation of rights, based upon the alleged conduct of the officers, been advanced to this court.

For his final contention defendant asserts that it was error for the trial court to admit in evidence the search warrant used to gain entry to his apartment because it did

not identify defendant therein, and because it was not properly executed. As to the first proposition, it is the purport of sections 1 and 2(5) of division VIII of the Criminal Code that a warrant to search for and seize narcotic drugs, unlawfully kept or possessed, need describe with particularity only the house or place where such drugs are concealed. (Ill. Rev. Stat. 1957, chap. 38, pars. 691, 692(5).) As to the latter, no motion was made to quash the warrant, the warrant has not been included in the record on appeal, and we are not told in what respects it was improperly executed. Under the circumstances, defendant is in no position to question its validity.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*