(No. 37539.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD REALMO, Plaintiff in Error.

*Opinion filed September 27, 1963.*

JOHN M. SULLIVAN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Before us for review is the judgment of the criminal court of Cook County finding defendant guilty, following a bench trial, of the unlawful sale of narcotics and sentencing defendant to imprisonment for a term not less than 10 nor more than 12 years. It is contended that prejudicial statements were made by the State's Attorney to the court, that the defendant was entrapped, and that the proof did not establish all elements necessary to a conviction.

The only conduct of the prosecutor complained of is a statement by the assistant State's Attorney made to the judge

presiding at defendant's arraignment that "the defendant has a previous charge of being a narcotics user." The trial was presided over by a judge other than the arraignment judge; there is nothing before us to indicate any knowledge of this statement by the trial judge, and defendant does not suggest how this statement made to a judge who did not participate in the trial could have prejudiced defendant. We find no merit in this argument.

Defendant also complains that a People's witness testified that defendant burglarized the home of the witness's brother. It is true that the following testimony was given by a prosecution witness: "The only time I had trouble was when he [the defendant] burglarized my kid brother's house, and it was forgotten about." However, this testimony was brought out by defense counsel on cross-examination, and defendant cannot now complain of answers responsive to his questions. *People* v. *Halteman,* 10 Ill.2d 74, 83.

Defendant claims to have been entrapped by police officers and an informer. A sufficient answer is here present in that defendant specifically denied selling narcotics or possessing them on the date in question. We have repeatedly held the defense of entrapment incompatible with denial of the commission of the acts constituting the offense. (*People* v. *Johnson,* 24 Ill.2d 195; *People* v. *Van Scoyk,* 20 Ill.2d 232). Since defendant relied below upon a denial that he performed the alleged acts, he cannot here claim he was induced or lured into performing them under circumstances amounting to entrapment. *People* v. *Outten,* 13 Ill.2d 21.
   Defendant's third contention that the proof does not establish beyond a reasonable doubt all of the elements of the crime is in reality an attack upon the probative value and sufficiency of the informer's testimony. *People* v. *Bazemore,* 25 Ill.2d 74, cited in support thereof, does hold that under the circumstances there present, an admitted addict's wholly uncorroborated testimony in which discrep-

ancies and variations appeared was insufficient to convict. It is significant that in *Bazemore* there was no surveillance by police of any portion of the informer's activities in making the purchase, and the arrest of the defendant did not occur until some two months later. As we there stated at page 77, "This is not a case where the informer's accusation receives corroboration from close police surveillance of the transaction, from an immediate arrest, or from the finding of marked money on the accused, but one which developed in such a way that the informer was at liberty to name almost any person he wished to select as the guilty one". Here one or more police officers observed substantially all of defendant's activity in making the controlled purchase except the actual transfer of the narcotics and the marked money; and as to the narcotics transfer, officer Lopez testified that he saw defendant "handing something to" the informer near the entrance to defendant's residence which is the location where the informer testified he was handed the drug, and both of the officers who testified stated that defendant admitted making the sale at the time of his arrest which immediately followed delivery of the narcotics by defendant. While none of the marked money was recovered from the informer, this is adequately accounted for by his testimony that he gave it all to the "man in the beige coat" from whom he obtained the drugs.

*People* v. *Davis*, 13 Ill.2d 211, cited by defendant as supporting his argument relating to the inadequacy of the proof of delivery was reversed simply because of a complete absence of proof of a sale to a minor, the charge upon which defendant had been indicted and convicted. It has no application here.

It is our conclusion that the proof in this case is sufficient, if believed by the trier of fact, to support the conviction. We therefore will not disturb the findings of the trial judge. *People* v. *Perkins*, 26 Ill.2d 230, 235.

*Judgment affirmed.*