THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN HESLER *et al.*, Defendants-Appellants.

Second District (1st Division)    Nos. 74-431, 75-111 cons.

Opinion filed March 31, 1976.—Supplemental opinion filed upon denial of
rehearing July 22, 1976.

Charles S. Wilson III and Charles W. Toomey, both of Waukegan, for appellants.

Jack Hoogasian, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The defendants herein were jointly tried for the unlawful possession and unlawful delivery of more than 500 grams of cannabis. Defendant Selzer was found guilty of both charges and was sentenced to 3-15 years. Defendant Hesler was found guilty of unlawful delivery only and sentenced to 1-4 years in the penitentiary.

On the night of March 15, 1974, one Rich Roman, described as an agent of the Lake County Sheriff's Department by both the State and the defense, set up a sale of marijuana between John Hesler and John Selzer and two sheriff's deputies of Lake County. The sale took place in Griff's Tavern parking lot in Lake County. Hesler drove to the scene in his car accompanied by one Joe Gray. Rich Roman drove his vehicle to the scene accompanied by John Selzer and the marijuana was in the trunk of Roman's car. The four men exited their vehicles and, at the request of John Hesler, the detectives displayed the money for the purchase in the sum of $6,750 to John Hesler who counted it. The marijuana was then examined by the detectives and the money handed to John Hesler. All four of the men were then arrested by the detectives. At the time of arrest John Hesler was armed with a .32- or .38-caliber pistol in his boot.

There is no dispute as to the above testimony. However, John Selzer and John Hesler testified in their own behalf. In substance their testimony was that John Hesler was approached by Joe Gray and asked if he would like to make $50. Gray told Hesler that a friend of Gray's, Rich Roman, had purportedly said he was going to collect a lot of money and he wanted some other people with him. Hesler then asked if John Selzer could come along with them. They were subsequently called and met with Gray and Roman and their testimony is that it was not until then that they discovered that this was to be a sale of marijuana. They denied that they had any part in the sale of the marijuana but merely went along with Rich Roman and Joe Gray.

■■ The first contention of the defendants is that they were entrapped. In support of this contention defendants have cited *People v. Keating* (1971), 2 Ill. App. 3d 884, 889, 270 N.E.2d 164, 169:

"The nefarious business of the sale of narcotics is not a game governed by rules of gentlemanly conduct and fair play."

Defendants contend the nefarious activity herein was on the part of the Sheriff's office and its agents. This issue was not raised in the trial court and the statement of the Supreme Court, in the case of *People v. Fleming* (1971), 50 Ill. 2d 141, 144, 277 N.E.2d 872, 874, applies specifically to the facts before us:

"The defense of entrapment, of course, may not be raised for the first time on appeal. [Citations.] The failure to raise the question in the trial court will be regarded as a waiver of it. To avoid this

consequence the defendant in a familiar argument says that the question was not raised because of his trial counsel's incompetence. Fatally embarrassing to this position, however, is the logically required rule that one may not at once deny the commission of the offense and claim entrapment. [Citations.]"

We find that this contention was waived.

■■■ The defendants' next contention is that they were not proven guilty beyond a reasonable doubt. They argue that the evidence was that they were not in possession of the marijuana but rather that the ten bags of marijuana were in the possession of Rich Roman, the agent of the sheriff's deputies, in his car. Defendants testified that they did not know that this was to be a sale of marijuana until they were on their way to the meeting with the purchasers. Defendant Selzer testified that he went along as "we were supposed to protect him," for which each defendant was to get $50. In *People v. Embry* (1960), 20 Ill. 2d 331, 169 N.E.2d 767, the Supreme Court, in passing on the question of possession of drugs, cited *People v. Wheeler* (1955), 5 Ill. 2d 474, 126 N.E.2d 228, where the question was whether the defendant was in exclusive possession of stolen goods and the court therein held that the rule that possession must be exclusive does not mean that the possession may not be joint. The court stated:

> "This question has never been squarely presented to us in a case involving possession of narcotics, but courts of other jurisdictions have held that possession of narcotics may be joint. [Citations.] We are of the opinion that these cases express a sound rule. To hold otherwise would permit two or more persons to gain immunity from prosecution on a charge of unlawful possession of narcotics by proving joint possession of drugs. Such a result would be contrary to reason and would defeat the purpose of the Uniform Narcotic Drug Act." (20 Ill. 2d 331, 335-36, 169 N.E.2d 767, 769.)

The argument of the defendants is that the agent of the sheriff's deputies set up the transaction and furnished the marijuana for which the sum of $6,750 was paid to one of the two defendants. It is obvious that the jury did not believe these statements of the defendants. See *People v. Meaderds* (1961), 21 Ill. 2d 145, 148, 171 N.E.2d 638, 639-40, where the court stated:

> "It is next urged that the proof fails to establish defendant's guilt beyond reasonable doubt, the entire sweep of the argument being that the testimony of Peavey is the most reasonable and logical and that it should be accepted over that of the arresting officers. * * * We find nothing in the record which shows either injustice or error on the part of the trial court in accepting the version of the police officers as true."

In the case before us the jury obviously accepted the version of the arresting officers and we will not substitute our judgment for that of the jury in such a situation. In further support of this argument the defendants have objected to an instruction dealing with constructive possession, however, the defendants have failed to include all of the instructions given. The courts of Illinois have consistently held that if the abstract does not contain all of the instructions, both those given and refused, a claim of error based on the giving or refusal of the instruction will not be heard. (See *People v. Dailey* (1968), 41 Ill. 2d 116, 121, 242 N.E.2d 170, 173; *People v. Williams* (1968), 40 Ill. 2d 522, 530, 240 N.E.2d 645, 650; *People v. Pruitt* (1974), 16 Ill. App. 3d 930, 942, 307 N.E.2d 142, 153.) Nonetheless, we find that the giving of the instruction was proper as to constructive possession as set forth above.

■■ The next issue raised by the defendants is that they were unduly restricted by the trial court in the examination of Officer Winans as to the prior arrest and record of Rich Roman which led to his acting as an agent and informant for the Sheriff's department. The alleged purpose of this cross-examination by the defendants was to discredit the testimony of the arresting officer, Winans. This issue was not raised in post-trial motions of the defendants and the courts of Illinois have repeatedly held that where an issue is not presented to the trial court in a post-trial motion for its decision, it may not be raised for the first time upon appeal. In *People v. Pickett* (1973), 54 Ill. 2d 280, 282, 296 N.E.2d 856, 857-58, the Supreme Court summarized the rule relating to waiver of an issue by failure to raise the same in a post-trial motion or motion for a new trial. The court in that case also considered the question of plain error under Rule 615(a) (Ill. Rev. Stat. 1971, ch. 110A, par. 615(a)). (See also *People v. Howell* (1975), 60 Ill. 2d 117, 120, 324 N.E.2d 403, 404-05.) In the case before us we find no reason to apply the plain error rule of 615(a). The trial court refused to allow cross-examination of Officer Winans regarding the first arrest of Rich Roman on the ground that it was a collateral issue. The trial court further advised counsel for the defendants that he could prove the matter by the court record relating to the first arrest of Rich Roman. The defendants did just that and introduced the record of the arrest of Rich Roman and the subsequent dismissal of the cause by the introduction of the record itself through the Circuit Clerk of Lake County. Thus, the fact that Rich Roman had been arrested and the case subsequently dismissed was before the jury, which the jury could consider in reaching their verdict. Additionally, the defendant called the Assistant State's Attorney who had handled the first Rich Roman case who testified as to his conversations with Officer Winans relative to that case and stated:

"I asked him how information Mr. Roman was giving him was developing. He said he was cooperating and the information was

very good, and based on that I made the determination to nolle pros the case of Mr. Roman."

It can thus be seen that the jury was adequately informed that Officer Winans was using Rich Roman as an informant, and that the original case against him had been nolle prossed at the request of Winans. This was all before the jury for their consideration. We thus find that no error was committed as defendants properly showed the status of the agent Roman.

■■ The next contention of the defendants is that the failure of the State to call the informant Rich Roman as a witness denied the defendants a fair trial and deprived them of their Sixth Amendment rights of confrontation and cross-examination. Once again we point out that this issue was not raised in the post-trial motion and is, therefore, waived in this appeal. Furthermore, we find that the failure of the State to call the informant was not plain error under Rule 15(a) as set forth above. Nonetheless, we do observe several factors relative to this issue. The informant and Joe Gray were personally known to the defendants and could have been called by them had they so desired. There is no duty on the State to call an informant, known or unknown to the defendants, as a witness (*People v. Mason* (1963), 28 Ill. 2d 396, 399, 192 N.E.2d 835, 837; *People v. Aldridge* (1960), 9 Ill. 2d 176, 180, 66 N.E.2d 563, 565; *People v. Izzo* (1958), 14 Ill. 2d 203, 213, 151 N.E.2d 329, 336.) The failure of the State to call either Joe Gray or Rich Roman was pointed out to the jury in detail by defense counsel at trial. It is obvious that the defendants did not wish to call either Rich Roman or Joe Gray as a witness or to make either of them a witness by the court. As counsel for the defendants has stated in his post-trial argument:

"To suggest that I call Mr. Rich Roman as my witness is the ultimate in absurdities."

Furthermore, in commenting upon the failure of the State to call an informant the appellate court, in *People v. Aprile* (1973), 15 Ill. App. 3d 327, 332, 304 N.E.2d 169, 173, stated:

"Finally, defendant argues that the State failed to make available the whereabouts of a named person or otherwise make him available to the defense and that such failure deprived him of a fair trial particularly as it related to the defense of entrapment. It is defendant's argument that this person was an informer, in the employ of the Illinois Bureau of Investigation, and the person who 'set him up' for the sale of the nonnarcotic substance to an agent of the Bureau. The State proved its case without him and no duty we can see devolved on the State to call him as a witness or have him otherwise available."

We therefore find that, while the issue was not raised in post-trial motion, that because the State was able to prove its case without the testimony of

Rich Roman or Joe Gray it was under no duty to call them as witnesses and that the failure to call either of them, both known to the defendants, was not error.

■■  The last contention of the defendants is that the sentence imposed is excessive. In the absence of abuse of discretion in sentencing, this court will not reduce the sentences imposed by the trial court. As the State points out, defendant Hesler advised the deputy sheriffs that he could produce 75 pounds of marijuana for them by Monday and further advised the deputies that if they wished to purchase marijuana in 100 pound lots they could reduce the price. Under the circumstances and facts of this case we do not find that the sentences imposed were excessive.

■■  In summation, in looking at the record as a whole, and in light of our function on review of determining only the question of whether there is sufficient credible evidence to prove the accused's guilt beyond a reasonable doubt and the jury's function to determine the credibility of the witnesses and the weight to afford their testimony, we find there was such sufficient credible evidence presented from which the jury could conclude that defendants were proven guilty beyond reasonable doubt. The jury obviously has rejected the explanation by which the defendants attempt to explain their knowledge and possession of marijuana and has accepted the State's evidence as true. (*People v. Ward* (1975), 31 Ill. App. 3d 1022, 1026, 335 N.E.2d 57, 60.) From our examination of the record as a whole it is our opinion there is ample evidence, both credible and legally sufficient, to establish the guilt of the defendants beyond reasonable doubt.

Affirmed.

SEIDENFELD and HALLETT, JJ., concur.

SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING

Mr. PRESIDING JUSTICE GUILD delivered the supplemental opinion of the court:

■■  We have considered defendants' petition for rehearing in this case on the issue of whether the defense of entrapment was waived at trial. Relying in part on *People v. Strong* (1961), 21 Ill. 2d 320, 172 N.E.2d 765, defendants argue that since evidence of entrapment was presented at trial and since the theory of entrapment was argued to the jury, the issue of entrapment was preserved for review.

In *People v. Strong* the Supreme Court stated:

> "The People insist that the defense of entrapment was not raised during the trial and cannot therefore be raised on appeal. This

argument is not well taken, because facts suggesting entrapment were presented *in detail* and defense counsel raised the point in his closing argument. Entrapment need not be specially pleaded or relied upon exclusively so long as it has been *clearly suggested* in the trial court. *Cf. People v. Van Scoyk*, 20 Ill. 2d 232; *People v. Outten*, 13 Ill. 2d 21." (Emphasis added.) (21 Ill. 2d 320, 324, 172 N.E.2d 765, 767.)

In the instant case, we find that the defense did present evidence that defendants were solicited by Rich Roman to help him in his endeavor and that neither of the defendants had any knowledge that a marijuana sale was involved. We further find that defense counsel argued to the jury that the marijuana belonged to Rich Roman and that his clients were innocent persons "shanghaied" to come along and kept at the scene of the sale by threat. However, we find that this is not a presentation of facts *in detail* which *clearly suggests* entrapment as a defense. In fact, trial defendants' defense was structured upon establishing insufficiency of the evidence to prove possession and delivery, and not once was the word "entrapment" even mentioned. We, therefore, adhere to our original opinion that defendants had waived the issue of entrapment by failing to raise it at trial.

■■ In addition, attention is directed to our statement in the original opinion that, "[Defendants] denied that they had any part in the sale of the marijuana * * *." In view of this, and in view of defendants' trial defense, we further note the principle that the defense of entrapment is incompatible with the denial of the commission of the acts constituting the offense. (*People v. Realmo* (1963), 28 Ill. 2d 510, 192 N.E.2d 918.) Thus, by denying that they had committed the offense, the defendants were thereby precluded from raising entrapment as a defense. We recognize that this view is in conflict with the Ninth Circuit Court of Appeals decision of *United States v. Demma* (9th Cir. 1975), 523 F.2d 981. However, that opinion is not binding upon this court, and even if we desired to follow it, which we do not, since we find its reasoning unpersuasive, we would be unable to do so in view of the binding precedent of the highest court of this State to the contrary. See *e.g.*, *People v. Fleming* (1971), 50 Ill. 2d 141, 277 N.E.2d 872.

■■ Furthermore, we observe that the holding of the court in *People v. Strong*—that a conviction for sale of narcotics may not stand when the narcotics are supplied by a government informer—has been overruled by the recent United States Supreme Court opinion of *Hampton v. United States* (1976), 421 U.S. 916, 48 L. Ed. 2d 113, 96 S. Ct. 1646, which held that a conviction is not precluded, on entrapment grounds, by the fact that a government informant supplied the contraband which defendant then sold.

Defendants also argue that they were not proven guilty beyond a reasonable doubt, due in part to the State's failure to rebut the affirmative defense of entrapment. Our decision to adhere to our holding that defendants waived the issue of entrapment obviates the necessity of reconsidering this issue.

The remaining issues presented in defendants' petition for rehearing, which was prepared by counsel different than the one who represented defendants at trial and on appeal, are not properly before this court as they raise issues which were not argued in defendants' initial appellate brief. See Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(7).

Accordingly, for the reasons stated in the original opinion, and in this supplemental opinion, we deny the petition for rehearing. The judgments appealed from are affirmed.

Affirmed.

SEIDENFELD and HALLETT, JJ., concur.