THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CLYDE E. BRADLEY, Defendant-Appellant.

Third District   No. 77-111

Opinion filed June 29, 1979.—Rehearing denied July 30, 1979.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Joseph A. Mueller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Defendant was charged by indictment with pandering and robbery, and following a jury trial in the Circuit Court of Peoria County, he was convicted of robbery and sentenced to three to nine years in prison. A mistrial was declared on the pandering charge.

The State's main witness, Regina Boyer, testified that in mid-July,

1976, she entered a relationship with defendant whereby she agreed to move into defendant's house and to work for him as a prostitute. Boyer said she stayed at defendant's house three days, working each night as a prostitute in the streets of Peoria. She turned all of her earnings over to defendant who provided her with food and clothing and gave her $150 to purchase furniture for her room. Upon returning to defendant's house after her first night of work, Boyer told defendant she wished to get out of the prostitution business. Defendant responded to Boyer's request by throwing her on the floor, "smacking" her a couple of times and telling her she was "a very lucky girl because he could have slashed [her] face up to where nobody would ever want [her] again or shoot [her] with heroin and throw [her] in the river * * *." The witness said that, because of fear of defendant, she continued living with him and working as a prostitute two more days. However, on the morning after her last night of work she left defendant's house and went to her parents' home, where she contacted the police.

In accordance with a police plan, Boyer took $150 in recorded bills and checked into a room at the Ramada Inn with undercover officer Ann Ruggles, who was posing as a prostitute friend of Boyer's from St. Louis. Boyer phoned defendant, told him she was working on her own as a prostitute, and invited him to come to the motel to discuss the situation. Upon arriving at the motel defendant phoned Boyer's room from the lobby and warned her she had better not be setting him up with the police because he had the motel surrounded with armed men and was coming up to the room with someone else. When Officer Ruggles opened the room door, defendant forced her up against a wall and quickly searched the premises. An argument ensued in which defendant stressed how powerful he was and demanded from Boyer the money she had made that evening as a prostitute because she was still his "lady" (prostitute). Boyer refused to turn over the money and defendant said something to the effect, "Well, okay, don't give me the money. I can easily pay a trick $100 to get you killed." Ruggles testified defendant also said the women should not be surprised if someone came up to them sometime with switchblades and cut off their heads. At some point, either just before or just after he grabbed Boyer's purse and seized the money, defendant ordered the women to "Drop your guns. I'll kill you both." Neither woman had a gun, but they emptied their purses to prove that fact to defendant, who they feared was armed. Defendant had the recorded money in his hand when he was arrested just outside the motel room. He explained to the arresting officers that he was collecting rent from Boyer.

On appeal defendant raises several claims of error. However, three

of these claims are grounded on the supreme court's holding in *People v. White* (1977), 67 Ill. 2d 107, 365 N.E.2d 337, that specific intent to permanently deprive another person of his property is a necessary element of the offense of robbery. After the briefs were filed in this case the supreme court overruled its decision in *White* by holding that specific intent to deprive is not a required element of robbery. (*People v. Banks* (1979), 75 Ill. 2d 383, 388 N.E.2d 1244.) In light of the *Banks* decision, defendant's claims of error based on *White* are clearly without merit and no further discussion of them is required.

At trial defendant raised the defense of entrapment, claiming he was induced by the police to commit the offense of robbery. On appeal defendant contends the State's evidence was insufficient to rebut that defense. The jury was instructed on entrapment, but the State argued the defense was unavailable to defendant because he denied committing the offense charged. Defendant contended in the trial court and contends again on appeal that he did not take the money from Regina Boyer by use of force or threats of force as required under our robbery statute.

It is a well-established rule in Illinois that a criminal defendant is entitled to rely on the defense of entrapment only if he admits committing the acts constituting the offense with which he is charged. (*People v. Fleming* (1971), 50 Ill. 2d 141, 277 N.E.2d 872; *People v. Nahas* (1973), 9 Ill. App. 3d 570, 292 N.E.2d 466.) Defendant cites *People v. Jensen* (1976), 37 Ill. App. 3d 1010, 347 N.E.2d 371, where the court held that a defendant charged with driving under a suspended license could invoke the defense of entrapment despite his claim that the road on which he was driving was not a "highway" as defined in the application statute. Another case relied upon by defendant is *People v. Jones* (1966), 73 Ill. App. 2d 55, 219 N.E.2d 12, where the defendant admitted possessing and delivering illicit drugs, but claimed she lacked the knowledge or intent required to sustain conviction under the law. Despite her claim of innocence, defendant Jones was allowed to raise the defense of entrapment.

■■ However, *Jensen* and *Jones* are distinguishable from the case at bar, for in each of those cases the defendant admitted committing all of the acts constituting the offense charged and disputed only the legal definition of "highway" in one case and the presence of *scienter* in the other. (*Jensen; Jones.*) There was no factual dispute as to the acts constituting the crime in either of the cited cases. In the instant case, although defendant admitted taking the money from Boyer, he denied the acts of using or threatening to use force to do so. Use of force or threat by the defendant is a requisite element of the offense of robbery which must be proven beyond a reasonable doubt to sustain a conviction and

which must be admitted by a defendant if he wishes to rely on the defense of entrapment. Ill. Rev. Stat. 1977, ch. 38, par. 18—1(a); *People v. Patton* (1978), 60 Ill. App. 3d 456, 376 N.E.2d 1099.

"We have repeatedly held the defense of entrapment incompatible with denial of the commission of the acts constituting the offense. (*People v. Johnson*, 24 Ill. 2d 195; *People v. Van Scoyk*, 20 Ill. 2d 232). Since defendant relied below upon a denial that he performed the alleged acts, he cannot here claim he was induced or lured into performing them under circumstances amounting to entrapment." *People v. Realmo* (1963), 28 Ill. 2d 510, 512, 192 N.E.2d 918.

Defendant cites *United States v. Demma* (9th Cir. 1975), 523 F.2d 981, where the court adopted the minority rule holding that a defendant may assert entrapment without being required to concede he committed the crime alleged or any of its elements. However, the *Demma* rule has been expressly rejected by the courts of this State and it is inconsistent with the decisions of our supreme court which we are obligated to follow.

"Although a few courts have held that a defendant may be allowed to assert an entrapment defense without being required to concede that he committed the crime charged or any of its elements (see, for example, *United States v. Demma*, 9 Cir., 523 F.2d 981; *People v. Perez*, 62 Cal. 2d 869, 44 Cal. Rptr. 326, 401 P.2d 934), the generally accepted rule in Illinois and other jurisdictions is that the defense of entrapment is only available to a defendant who admits committing the acts which constitute the crime for which he is claiming entrapment." (*People v. Gulley* (1976), 36 Ill. App. 3d 577, 581, 344 N.E.2d 567, 571-72.)

We therefore hold that defendant was precluded from raising the defense of entrapment because of his failure to admit the acts constituting the offense of robbery.

Defendant also claims the prosecuting attorney misstated the law of entrapment in his closing argument to the jury by indicating that the defense of entrapment is available to a defendant only if he admits committing the crime with which he was charged. As noted above, a more precise statement of the law would be that a defendant is required to admit committing the acts which constitute the offense charged. Some defendants have been allowed to raise the defense of entrapment while still maintaining their innocence. (*Jones; Jensen.*) However, we have held that the defendant in this case was precluded from claiming the defense of entrapment; therefore he clearly could not have been prejudiced by the prosecutor's imprecise statement of the law.

■■ Defendant next contends the evidence was insufficient to prove he took the money from Regina Boyer by the use or threat of force as

required for conviction under our robbery statute. (Ill. Rev. Stat. 1977, ch. 38, par. 18—1(a).) We think the evidence was sufficient to sustain the jury's verdict. The evidence indicated defendant had previously beaten the victim when she suggested quitting the prostitute profession. Upon arriving at the motel he warned her that he had the place surrounded with armed men and was bringing someone else to the room with him. While in the room defendant forced Officer Ruggles against a wall, and repeatedly demanded the money from Boyer, telling both women he could pay a "trick" $100 to have them killed. Boyer testified she was "frightened to death of the man" and when Officer Ruggles, in fear of her safety, attempted to push the alarm for help, defendant said, "Drop your guns, I'll kill you both." Regina Boyer testified she did not try to stop defendant from taking the money because she was afraid of him. Under the circumstances of this case, we cannot say that Boyer's fear of imminent harm was unreasonable, nor can we conclude that the jury's verdict was improper.

■■ Defendant's final contention is that the trial court erred in denying his pretrial motion to sever the robbery and pandering charges for purposes of trial. Both sides agree the decision whether or not to sever charges for trial is within the discretion of the trial court and is to be made on the basis of whether the charges are part of the same comprehensive transaction. (Ill. Rev. Stat. 1977, ch. 38, par. 111—4(a); *People v. York* (1975), 29 Ill. App. 3d 113, 329 N.E.2d 845.) The petitions and arguments on defendant's motion to sever in the instant case indicated that defendant and Boyer had entered a panderer-prostitute relationship and that defendant sought the money Boyer had supposedly earned on her own under a claim that the relationship still continued and that Boyer was still his "lady." Considering this information, we cannot say that the pandering and robbery charges were not part of the same comprehensive transaction. The trial court did not abuse its discretion in denying defendant's motion for severance.

For the foregoing reasons, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

SCOTT and BARRY, JJ., concur.