THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ANITA ARRIAGA, Defendant-Appellant.

Second District   No. 79-845

Opinion filed February 2, 1981.

Thomas J. Riggs, of Loftus, Riggs & Redmond, of Addison, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Gary J. Anderson and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Following a jury trial, defendant Anita Arriaga was convicted of bribery (Ill. Rev. Stat. 1977, ch. 38, par. 33—1(d)) and official misconduct (Ill. Rev. Stat. 1977, ch. 38, par. 33—3(d)). She was sentenced for bribery to two years conditional discharge and fined $2,000. She appeals, contending (1) the trial court erred in refusing to instruct the jury as to the defense of entrapment and she was not proved guilty beyond a reasonable doubt on that issue; and (2) the trial court erroneously instructed the jury on the issue of bribery.

The occurrence giving rise to the offenses in question took place during an investigation conducted by the Illinois Secretary of State's office of the Lombard driver's license examination facility at which defendant was employed as a road test examiner. Oscar Aguilera, an investigator for the Secretary of State's office, posed as a normal candidate for a driver's license and testified at trial that initially he intentionally failed the written portion of the driver's examination given to him by another employee of the facility. Aguilera returned to the facility later that day and again took the written examination, this time passing it; he was then assigned to defendant, Anita Arriaga, for his road test. This was his first knowledge of defendant as the investigation being conducted at the facility was directed against James Wright, its supervisor.

During the course of the road test Aguilera deliberately made numerous driving errors, which defendant pointed out to him. He testified that after one such error he asked defendant if she would help him and she told him to park the car and then stated she would help him if he would give her some money. At that point Aguilera stated he took out a previously marked $10 bill and held it in his hand and defendant took it, placed it in her bra and thereafter coached him throughout the duration of the road test. He stated his examination papers were marked to reflect he had successfully passed, and he re-entered the license facility building where he went to Mr. Wright's office. After about 10 minutes he stated he gave money to Wright then left signaling other investigators to move in.

Aguilera and a second investigator then went outside to find defendant. He saw her getting out of a car and believed she was completing a road test with another driver; he informed her she had been caught accepting a bribe. The investigators accompanied defendant to the em-

ployee's lounge where she retrieved the $10 bill (later identified as the one given by Aguilera to defendant), from between a pair of black gloves on a coat rack. On cross-examination the witness related that at the time he went out to the car with defendant he had no reason to believe she would accept a bribe and admitted it was he who first mentioned offering money to her in exchange for a passing score on the road test.

Don Johnson, who assisted Oscar Aguilera in the investigation, testified in substantially the same manner as to the events occurring after defendant returned to the facility and was informed she had been caught accepting a bribe. The witness identified the $10 bill defendant retrieved from the employee's lounge as one whose serial number had been recorded and then given to Aguilera. John D. Gray, director of professional standards for the Secretary of State's office and John Schiave, chief examiner for the Secretary of State, described the procedures to be followed if a driver's examiner is offered a bribe; namely, the examiner must terminate the test at that point, mark the examination failed, and turn the applicant, application and money over to the facility supervisor. Mr. Schiave testified defendant had signed (indicating she had read) a memo setting forth these requirements. Other test examiners working in the office that afternoon noted it was a busy day and that defendant came to the desk where test applications are turned in looking for one. She then approached Mr. Wright's office window and there were other people inside with him.

Defendant testified it was not until Aguilera completed his road test and was pulling his automobile into the facility parking lot that the first mention of money was made. She stated that Aguilera asked whether he could do something for defendant, could he give her some money, and she told him he had passed the examination and she did not know what he was talking about. Defendant further explained she gave Aguilera his application to sign, which he did, and that he then took the application, put a $10 bill in defendant's hand, walked from the car without even closing the car door and then ran into the license facility building. Defendant stated she went into the building and searched the files of the facility unsuccessfully for Aguilera's application while intending to take it with the $10 to make a report to her supervisor. She went to the supervisor's office but found him conversing with other men, unsuccessfully searched for the assistant supervisor, then went to the kitchen and placed the $10 bill between her gloves, and was continuing her search for the assistant supervisor outside the facility building when she was arrested.

At the conference on instructions the trial court overruled defendant's objections to the instructions tendered by the State defining the offense of

bribery (Ill. Rev. Stat. 1977, ch. 38, par. 33—1) and the issue formed by that charge. As given to the jury by modifications of Illinois Pattern Jury Instructions, Criminal Nos. 21.07 and 21.11, they read as follows:

"A person commits the crime of bribery who, receives or retains any property knowing that the property was tendered with intent to cause her to influence the performance of any act related to the employment or function of a public employee."

and

"As to Count I, to sustain the charge of bribery, the State must prove the following propositions:

FIRST: That the defendant received any property; and,

SECOND: That the defendant knew that the property was tendered by Oscar Aguilera—Luis Gonzales with intent to cause the defendant to influence the performance of any act related to the employment or function of a public employee.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty."

A second instruction of the issues of the offense of bribery relating to count II was also given in identical form substituting "retained" for "received." Defendant's tendered instruction defining entrapment (IPI Criminal No. 24.04) and an issues instruction including the defense of entrapment were refused by the trial court.

We consider first defendant's contention the jury should have been instructed as to entrapment and that she was not proved guilty on that issue beyond a reasonable doubt.

■■■ It is well established that one may not deny the commission of an offense and at the same time claim entrapment. (*People v. Fleming* (1971), 50 Ill. 2d 141, 144, 277 N.E.2d 872, 874; *People v. Anthony* (1963), 28 Ill. 2d 65, 71, 190 N.E.2d 837, 840; *People v. Gonzalez* (1974), 24 Ill. App. 3d 259, 262, 320 N.E.2d 197, 200.) Rather, to raise the issue of entrapment a defendant must admit that there was a crime committed and that he committed it, but was entrapped into doing so. (*People v. Gargano* (1973), 10 Ill. App. 3d 957, 962, 295 N.E.2d 342, 346; see also *People v. Hesler* (1976), 39 Ill. App. 3d 843, 850, 350 N.E.2d 748, 753.) Failure to make such admission precludes defendant from claiming the jury should have been instructed regarding entrapment (*People v. Swimley* (1978), 57 Ill. App. 3d 116, 129-30, 372 N.E.2d 887, 897), and that he was

not proved guilty beyond a reasonable doubt on that issue. *People v. Bradley* (1979), 73 Ill. App. 3d 347, 350, 391 N.E.2d 1078, 1081.

■■ Defendant cites *People v. Jones* (1966), 73 Ill. App. 2d 55, 219 N.E.2d 12, for the proposition that a defendant may admit committing the acts constituting the offense but retain an entrapment defense by denying she acted with the statutorily required mental state. We believe that *Jones* by distinguishing physical acts from one's mental state interpreted too strictly language contained in *People v. Realmo* (1963), 28 Ill. 2d 510, 192 N.E.2d 918, that a defendant is barred from raising entrapment as a defense where he denies "the commission of the acts constituting the offense." (28 Ill. 2d 510, 512, 192 N.E.2d 918, 919.) We do not read *Realmo* so narrowly. In our view, a defendant is precluded from relying on entrapment as a defense if he denies any of the facts constituting the offense charged. (*People v. Anthony* (1963), 28 Ill. 2d 65, 71, 190 N.E.2d 837, 840; *People v. Gonzalez* (1974), 24 Ill. App. 3d 259, 262, 320 N.E.2d 197, 200), or asserts he did not commit the offense. (*People v. Fleming* (1971), 50 Ill. 2d 141, 144, 277 N.E.2d 872, 874; *People v. Wurbs* (1976), 38 Ill. App. 3d 360, 365, 347 N.E.2d 879, 883.) As defendant has here denied acting with the required mental state, the entrapment defense was not available to her. *People v. Swimley* (1978), 57 Ill. App. 3d 116, 129-30, 372 N.E.2d 887, 897.

Defendant has also contended the jury was erroneously instructed as to the offense of bribery in a manner essentially precluding her defense. We agree.

Defendant was charged with bribery in violation of section 33—1(d) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 33—1(d)), which defines that offense in these terms:

"A person commits bribery when:

* * *

(d) He receives, retains or agrees to accept any property or personal advantage *which he is not authorized by law to accept* knowing that such property or personal advantage was promised or tendered with intent to cause him to influence the performance of any act related to the employment or function of any public officer, public employee, juror or witness." (Emphasis added.)

The instruction defining the offense as given to the jury omitted the element "which he is not authorized to accept." So too was the qualifying phrase omitted from the issues instruction given over defendant's objection.

Under these instructions the State was required to prove only that defendant received or retained the $10 from Aguilera knowing that *Aguilera* intended to influence her in the performance of her duties. Defendant admitted she received the $10, although under somewhat

different circumstances than described by Aguilera, and her defense was that she retained it only to turn over to her supervisor as she had been instructed to do. She testified she was arrested for bribery before having an opportunity to do so.

The committee notes to IPI Criminal Nos. 21.07 and 21.11 contain the comment that where a factual dispute arises on the issue of whether a defendant is authorized by law to accept a payment, intended by the offeror to be a bribe, a special instruction meeting the facts of the case should be prepared.[1] The instructions given the jury in this case, however, required it to convict defendant of bribery if it found she received the $10 with knowledge that Aguilera intended to influence her performance as a public employee. Clearly these facts alone are insufficient to bring defendant's conduct within either the language or spirit of the bribery statute (*People v. Jordan* (1973), 15 Ill. App. 3d 672, 675, 304 N.E.2d 713, 716; *People v. Gralewski* (1971), 132 Ill. App. 2d 755, 757, 270 N.E.2d 566, 568), as she could have been convicted of bribery although following the proper procedures in attempting to turn the money and Aguilera's application over to her supervisor. Defendant could have been convicted for her acts the moment she received the property, even if not given an opportunity to report the bribe attempt. Had the jury been instructed it needed to determine defendant received or retained property which she was not authorized by law to accept, it might readily have found she was authorized under directive of the Secretary of State's office to accept the money tendered, at least for the limited purpose of making a report to a supervisor.

■■ ■ While defendant tendered an issues instruction, it was properly refused by the trial court as it included the element of entrapment. Nor did it refer to the issue of whether defendant was authorized to accept the money offered to her. A party must offer and request the giving of instructions deemed appropriate in a case, and the trial court generally has no obligation to *sua sponte* instruct the jury. An exception to the rule exists, however, as to the instructions directed to the elements of the offense, presumption of innocence and on the question of the burden of proof. (*People v. Parks* (1976), 65 Ill. 2d 132, 137, 357 N.E.2d 487, 489.) As the jury was erroneously instructed in this regard to the substantial prejudice of defendant, the bribery conviction must be reversed.

■■ The State suggests that in the event this court reverses defendant's bribery conviction the case should be remanded for sentencing for her official misconduct conviction. We do not agree. The official misconduct

---

[1] For example: "A person commits the crime of bribery when he receives or retains any property, which he is not authorized by law to accept, knowing that such property was tendered with intent to cause him to influence the performance of any act related to the employment or functions of a public employee."

instructions given to the jury did follow the statutory language and required the State prove defendant knew the money tendered by Aguilera was not authorized by law. Both the bribery and official misconduct convictions, however, were predicated on defendant's receipt of the $10 bill from Aguilera, and the two offenses were defined for the jury in conflicting terms. In our view these conflicting instructions prejudiced defendant's right to a fair trial and require a new trial of both charges. *People v. Jenkins* (1977), 69 Ill. 2d 61, 370 N.E.2d 532.

Accordingly, the judgment of the Circuit Court of Du Page County is reversed and this cause remanded for a new trial.

Reversed and remanded.

SEIDENFELD, P. J., and VAN DEUSEN, J., concur.