In the

# United States Court of Appeals

## For the Seventh Circuit

No. 24-2143

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LESTER CROWDER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 20-CR-00066-1 — **Martha M. Pacold**, *Judge.*

ARGUED MAY 14, 2025 — DECIDED JANUARY 22, 2026

Before SYKES, JACKSON-AKIWUMI, and PRYOR, *Circuit Judges.*

PRYOR, *Circuit Judge.* A jury convicted Lester Crowder under the Travel Act, 18 U.S.C. § 1952, for using an interstate facility to promote bribery in violation of Illinois law. On appeal, Crowder argues the district court erroneously omitted an element of the offense in the jury instructions, the government did not present sufficient evidence for his convictions,

and the Illinois bribery statute is unconstitutional. Because Crowder's arguments do not warrant reversal, we affirm.

## I. BACKGROUND

### A. Factual Background

Lester Crowder is a former City of Harvey, Illinois, building inspector who grew up alongside the City's Mayor, Eric Kellogg, and the Mayor's two brothers, Derrick Muhammad and Rommell Kellogg. Crowder's employment with the City concluded in January 2014.

Dennis DeZutter is the general manager of a strip club in the City and a confidential informant for the FBI. In January 2018, in cooperation with an FBI investigation, DeZutter expressed to Rommell Kellogg an interest in opening a new strip club; Rommell replied that he could "make that happen" and introduced DeZutter to Crowder.

DeZutter and Crowder first met on February 13, 2018, at a potential site for the new club. They met eight times thereafter, with their last meeting at the end of April 2018. The government, through DeZutter, recorded video and audio of each meeting, as well as calls and text messages between DeZutter and Crowder. DeZutter and Crowder arranged their meetings by text or phone call.

At their first meeting, Crowder told DeZutter that he could "streamline the start-up" for "five and a thousand a month." When DeZutter asked about obtaining a building permit, Crowder told DeZutter not to "worry about … that." DeZutter paid Crowder $5,000 when they met again on February 23. At that meeting, Crowder showed DeZutter a City inspector badge and instructed that "everything's through me."

When they next met on March 1, Crowder and DeZutter again discussed the prospective site for the strip club, with Crowder referencing involvement in the process by the City's lawyer and "planning development." Two weeks later, on March 15, Crowder and DeZutter reconvened and discussed licensing paperwork, with Crowder suggesting that they list the name of the Mayor's cousin on paperwork because the cousin was part of the "group." He also asked DeZutter for another $5,000.

At a meeting on April 11, Crowder showed DeZutter a proposal addressed to the planning department, which included the names of individuals who were close to the Mayor and Crowder. Crowder told DeZutter he would need "ten stacks" to continue to "streamline" the process and "take care of some people." While discussing financials and the planning department proposal, Crowder told DeZutter, "this goes upstairs," in an apparent reference to the location of the building where Mayor Kellogg and other officials worked. Crowder later asked for an additional $10,000, which he explained would go to the alderman of the second ward. He reassured DeZutter that he was going to "handle all … these people."

Two days later, on April 13, DeZutter asked whether the alderman could attend their next meeting, acknowledging Crowder's earlier representation that the alderman would receive $10,000. Crowder rejected the request, reassured DeZutter that "the license" was under discussion, and suggested that Mayor Kellogg had been included in conversations. Crowder warned that the process could not continue "without us doing the steps" and clarified that he did not "set the numbers."

At their next meeting, on April 17, DeZutter paid Crowder $2,500. Crowder expressed frustration at the amount and stated he would take the money "upstairs." DeZutter paid Crowder another $2,500 on April 19. Crowder again told DeZutter the money would go "upstairs," remarked that he and DeZutter would "owe" an additional $3,000, and gave DeZutter a revised proposal addressed to the City. DeZutter paid Crowder the final $3,000 at their last meeting on April 27. In total, DeZutter paid Crowder $13,000.

**B. Procedural History**

A grand jury charged Crowder with five counts of using a facility in interstate commerce (*i.e.*, a cell phone) with intent to promote or facilitate the promotion of an unlawful activity (*i.e.*, bribery in violation of Illinois law), and thereafter performing or attempting to perform an act to facilitate the promotion of such unlawful activity. *See* 18 U.S.C. § 1952(a)(3) (the Travel Act). Each count corresponded to a phone call or text message through which Crowder and DeZutter arranged a meeting where Crowder accepted or agreed to accept money from DeZutter.

The case proceeded to trial. The district court instructed the jury that the government was required to prove the following elements of a Travel Act violation beyond a reasonable doubt:

    (1) The defendant used or caused to be used a facility in interstate commerce;

    (2) The defendant did so with intent to promote, manage, carry on, or facilitate the promotion, management, or carrying on of an

> > unlawful activity, namely, bribery, in violation of Illinois law; and
>
> (3) Thereafter the defendant did or attempted to promote, manage, establish, or carry on an unlawful activity, or facilitated or attempted to facilitate the promotion, management, establishment, or carrying on of an unlawful activity, namely bribery in violation of Illinois law.

Because the last two elements of the instruction referenced "bribery in violation of Illinois law," the district court instructed the jury as follows:

> Under Illinois law, a person commits the offense of bribery when he receives, retains, or agrees to accept any property or personal advantage knowing that the property or personal advantage was tendered or promised with intent to cause him to influence the performance of any act related to the employment or function of a public officer or public employee. The Illinois bribery law does not require that the defendant ever intended to pay a bribe.

The district court did not instruct the jury that bribery also requires that the defendant was "not authorized by law to accept" the property in question. 720 ILL. COMP. STAT. 5/33-1(d). The parties agreed that this "not authorized by law" requirement presented an issue of law for the court to resolve and not an issue of fact for the jury.

The jury found Crowder guilty of all five counts, and the district court denied Crowder's motions for a judgment of

acquittal, which Crowder made both after the government's case-in-chief and following the jury's verdict. The district court sentenced Crowder to 14 months in prison, and this appeal followed.

## II.   DISCUSSION

Crowder seeks reversal of his convictions because (1) there was insufficient evidence on which to convict him; (2) the district court omitted an element of the offense from the jury instructions; and (3) the Illinois bribery statute is unconstitutionally vague. For the reasons below, we reject each of Crowder's arguments.

### A. Sufficiency of Evidence

Crowder argues the government failed to prove beyond a reasonable doubt that he (1) was "not authorized by law" to accept the money from DeZutter; (2) used a facility in interstate commerce to promote bribery in violation of Illinois law; and (3) had the requisite mens rea.

"We review de novo a district court's denial of a motion for a judgment of acquittal." *United States v. Sorensen*, 134 F.4th 493, 497 (7th Cir. 2025). "[P]ractically speaking, however, the standard of review is that for sufficiency of the evidence." *United States v. Peterson*, 823 F.3d 1113, 1120 (7th Cir. 2016). In applying this standard, "[w]e consider the evidence in the light most favorable to the government and affirm the conviction if any rational trier of fact could find the defendant guilty beyond a reasonable doubt." *Id*.

#### 1. *"Not Authorized by Law"*

Crowder was convicted of a Travel Act violation which "occurs when a person uses any facility in interstate

commerce with intent to promote or facilitate an unlawful activity and thereafter promotes or facilitates the illegal activity." *United States v. Muskovsky*, 863 F.2d 1319, 1326 (7th Cir. 1988) (citing 18 U.S.C. § 1952(a)). The statute defines "'unlawful activity' as including 'extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States.'" *United States v. Cui*, No. 24-2495, 2026 WL 73014, at *7 (7th Cir. Jan. 9, 2026) (quoting 18 U.S.C. § 1952(b)). "A Travel Act violation consists of three basic elements: (1) traveling in, or using a facility of, interstate or foreign commerce, (2) with the intent to commit a specified unlawful act, and (3) thereafter performing or attempting to perform that act." *United States v. Dvorkin*, 799 F.3d 867, 876 (7th Cir. 2015).

Here, the jury found Crowder committed a Travel Act violation by promoting bribery, in violation of Illinois law. Under Illinois law, bribery occurs where, among other things, the defendant receives or agrees to accept property which he "is not authorized by law to accept" while knowing the property was tendered or promised with intent to cause the defendant to influence the performance of a public official or employee. 720 ILL. COMP. STAT. 5/33-1(d).

Crowder argues the government did not prove he was "not authorized by law" to accept DeZutter's money. In Crowder's view, the government needed to identify a specific law, separate from the Illinois bribery statute, that prohibited him from receiving money from DeZutter. In other words, Crowder believes the government needed to show he was *prohibited by law* from accepting the money. Crowder also tacks onto his argument a contention that the Illinois bribery statute applies only to public officials who receive money but not private citizens. Because Crowder was a private citizen when he

accepted money from DeZutter, he argues the bribery statute cannot apply to him.

Crowder's arguments do not withstand the plain language of the bribery statute. A defendant can be convicted of bribery if the defendant receives property he is "not authorized by law to accept." 720 ILL. COMP. STAT. 5/33-1(d). In other words, a defendant may be convicted when there is no legal authority that would permit him to accept the property. Conversely, a defendant cannot be convicted if there is some legal authorization permitting him to take the property. In *People v. Arriaga*, for instance, an Illinois appellate court found a defendant had a viable argument that she *was* authorized to accept money pursuant to a directive of the Secretary of State's office, and therefore that she was entitled to a jury instruction on the "not authorized by law" requirement. 416 N.E.2d 418, 422 (Ill. App. Ct. 1981).

Unlike in *Arriaga*, Crowder identifies no legal authorization permitting him to accept the money given to him by DeZutter. Instead, he seeks to rewrite the Illinois bribery statute to require the government to identify a law—separate from the bribery statute—that prohibited him from receiving the funds. Because this is not what the language of the statute requires, we reject Crowder's argument.

We also reject Crowder's suggestion that only a public official can commit bribery under provision (d) of the Illinois bribery statute. The statute expressly applies to a "person." 720 ILL. COMP. STAT. 5/33-1. It is not limited to cover only the conduct of public officials. And although § 33-1(d) requires the "person" accepting the property to have known the property was given with intent to cause the "person" to influence the performance of a public official, it contains no language

requiring that the "person" himself be a public official. *See* 720 ILL. COMP. STAT. 5/33-1(d).

### 2. Facility in Interstate Commerce

Crowder also argues his Travel Act conviction must be reversed because his use of a facility of interstate commerce was too incidental to the illegal activity here, particularly given that he did not solicit bribes over the phone.

To establish the Travel Act violation charged in the indictment, the government was required to prove Crowder used a facility in interstate commerce with intent to promote bribery in violation of Illinois law. Importantly, the use of the interstate facility "must relate significantly, rather than incidentally or minimally, to the illegal activity." *United States v. Raineri*, 670 F.2d 702, 717 (7th Cir. 1982). "This does not mean, however, that the interstate use must be indispensable to the illegal activity; it is enough that the use facilitates the illegal activity." *Muskovsky*, 863 F.2d at 1327. For instance, a defendant's "use of the interstate telephone system to attain credit card approvals" was deemed "significantly related" to illegal activity when the ability to receive "prior approval of credit card transactions *facilitated* the prostitution activities by ensuring that payment for those activities would be forthcoming." *Id*. (emphasis added). Similarly, a defendant's "maintenance and regular use of a bank account" in another state satisfied the interstate use requirement even though the defendant could have pursued the illegal enterprise by using a bank within the state. *Raineri*, 670 F.2d at 717–18.

Here, there was sufficient evidence for a jury to find that Crowder's use of the telephone related significantly to bribery under Illinois law. A telephone is a facility in interstate

commerce, *Muskovsky*, 863 F.2d at 1321, and the government offered evidence that Crowder used a telephone to arrange the meetings at which he accepted or agreed to accept money from DeZutter. The Travel Act does not require the government to prove the defendant violated state law. *United States v. Campione*, 942 F.2d 429, 434 (7th Cir. 1991). Instead, "the federal crime to be proved in § 1952 is use of the interstate facilities in furtherance of the unlawful activity." *Id.* Accordingly, that Crowder did not solicit bribes over the phone did not render Crowder's use of the telephone incidental to the illegal activity. What matters is that Crowder's use of the telephone consistently facilitated bribery under Illinois law by serving as the means through which Crowder coordinated the receipt of payments. *Id.*

### 3. Mens Rea

Finally, Crowder argues the government did not offer sufficient evidence of his intent to support a Travel Act conviction, and that the intent requirements within the Travel Act and Illinois bribery statutes cannot be simultaneously satisfied because they are "diametrically opposed."

To prove intent under the Travel Act in this case, the government was required to prove Crowder intended to promote, manage, carry on, or facilitate bribery, in violation of Illinois law. 18 U.S.C. § 1952(a)(3). To commit bribery under Illinois law, a defendant must have accepted or agreed to accept property knowing that the property was tendered or promised with intent to cause the defendant to influence the performance of any act related to the employment or function of a public officer or employee. 720 ILL. COMP. STAT. 5/33-1(d). There is nothing incompatible about these requirements.

Crowder argues, however, that he did not have the requisite intent under the Travel Act because he did not intend to promote bribery under Illinois law and instead intended to scam DeZutter by taking DeZutter's money. Crowder also testified to this effect, representing to the jury that he never planned to bribe the Mayor with DeZutter's money and instead planned to keep the money for himself. But even assuming Crowder's story could undermine a finding of intent under the Travel Act, "the trier of fact was entitled to disbelieve [that] story." *United States v. Harris*, 729 F.2d 441, 449 (7th Cir. 1984). Plus, Crowder acknowledges in his appellate brief that he had been impeached on cross examination, conceding his credibility was in question. The jury was permitted to discredit Crowder's testimony and find more probative the evidence of Crowder's communications with DeZutter.

Crowder also argues he did not accept DeZutter's money knowing it was tendered with intent for him to influence a public official because, as he reasons, DeZutter was a confidential informant and therefore did not truly intend bribery to occur. But what matters is Crowder's mindset, not DeZutter's. Proving that Crowder knew DeZutter intended his payments to be used to influence a public official does not require proving that DeZutter's subjective intent was in fact to influence a public official. In other words, the government was not required to prove that Crowder's understanding of DeZutter's intent was correct. And given the nature of the conversations between Crowder and DeZutter, a jury could reasonably find Crowder knew that DeZutter intended his payments to be used to influence public officials. Indeed, DeZutter expressly conveyed this intent to Crowder when acknowledging that some of his payments to streamline the strip club development would be given to the alderman.

Because the government presented sufficient evidence to find Crowder, using his cell phone, intended to facilitate bribery under Illinois law, the district court did not err in denying Crowder's motions for acquittal.

## B. Jury Instructions

Crowder also seeks reversal of his convictions on the basis that the district court omitted from the jury instructions the "not authorized by law" requirement of bribery under Illinois law. The government responds that this argument is waived.

A defendant waives an objection to jury instructions on appeal when he affirmatively agrees to a proposed instruction before the district court. *United States v. Leal*, 72 F.4th 262, 265–66 (7th Cir. 2023). And, generally, a defendant who waives his objection has no recourse and must live with the decision. *United States v. Morgan*, 929 F.3d 411, 432 (7th Cir. 2019). That is what happened here. Before the district court, defense counsel expressly acknowledged that the parties omitted the "not authorized by law" language from the proposed jury instructions "by design"; explained that the omission was based on the comments to Illinois' pattern instructions which provide that the "not authorized by law" requirement generally poses a question of law rather than issue of fact for the jury; and represented that it was the parties' "collective opinion" that there was no dispute of fact for the jury to decide. Because defense counsel affirmatively agreed to omit the language within the instruction, Crowder waived an objection to the omission on appeal, extinguishing his right. *United States v. LeBeau*, 949 F.3d 334, 342 (7th Cir. 2020).

### C. Unconstitutional Vagueness

Crowder's final argument seeks reversal of his conviction on the basis that Illinois' bribery statute is unconstitutionally vague in violation of the Fifth Amendment's Due Process Clause. He again focuses on the "not authorized by law" requirement, asserting that it is open to multiple reasonable interpretations and therefore fails to provide notice of the conduct that is prohibited. He also contends the requirement lacks clarity as to whether it applies only to public officials or whether it can apply to private citizens.

The parties agree that Crowder's constitutional argument is subject to plain error review because Crowder did not raise the argument before the district court. *See United States v. Schrode*, 839 F.3d 545, 554 (7th Cir. 2016). Plain error review requires a defendant to show that (1) there was an error; (2) the error was plain; and (3) the error affected the defendant's substantial rights. *United States v. Page*, 123 F.4th 851, 864 (7th Cir. 2024) (en banc). "If those three elements are met," we "may grant plain error relief only if … 'the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings.'" *Id*. (internal quotation marks omitted) (quoting *Greer v. United States*, 593 U.S. 503, 508 (2021)).

Finding no error, we reject Crowder's constitutional vagueness challenge. A criminal statute is unconstitutionally vague if it (1) "fails to give ordinary people fair notice of the conduct it punishes" or (2) is "so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). "[A] litigant challenging the statute ordinarily must show that it is vague as applied to him; and if the statute undoubtedly applies to his conduct, he will not be heard to argue that the statute is vague as to one or more hypothetical

scenarios." *United States v. Cook*, 970 F.3d 866, 873 (7th Cir. 2020).

The plain language of the Illinois bribery statute indicates that a defendant may commit bribery when the defendant's acceptance of funds was "not authorized by law." 720 ILL. COMP. STAT. 5/33-1(d). That Crowder prefers to replace that language with "prohibited by law" does not render the statute susceptible to competing reasonable interpretations. And that Crowder believes the relevant portion of the statute only proscribes the receipt of funds by a public official does not render the statute vague, as the provision cannot reasonably be construed in the manner Crowder proposes. The statute applies to "[a] person." *Id*.

We note Crowder also appears to suggest that the Illinois bribery statute is unconstitutionally vague because Crowder's conduct may fall under two provisions of the bribery statute and not merely provision (d), on which the jury was instructed. This contention has no merit. When a provision under which a defendant was convicted "unambiguously specif[ies] the activity proscribed," it does not matter that the defendant's "conduct may violate [another law]." *United States v. Batchelder*, 442 U.S. 114, 123 (1979). Crowder is not entitled to reversal on the basis of unconstitutional vagueness.

## III.   CONCLUSION

For these reasons, we AFFIRM.